# NORGAARD, O'BOYLE & HANNON

(A TRADE NAME OF GARY K. NORGAARD, PC)

**COUNSELLORS AT LAW**

GARY K. NORGAARD† (ret.)
JOHN O'BOYLE
KARL J. NORGAARD†
BRIAN G. HANNON†
CASSANDRA C. NORGAARD†

_____

ANTHONY E. HOPE†
MARK E. NORGAARD†
JACLYNN N. MCDONNELL◊

_____

WILLIAM H. SCHMIDT of counsel
ILISSA CHURGIN HOOK of counsel †
MILICA A. FATOVICH of counsel

184 GRAND AVENUE
ENGLEWOOD, NEW JERSEY 07631-3507
Telephone (201) 871-1333
Facsimile (201) 871-3161

____
810 ASBURY AVENUE, SUITE 206
OCEAN CITY, NEW JERSEY 08226
Telephone No. (609) 439-4070
Facsimile (609) 439-4280
By Appointment Only

____
1025 WESTCHESTER AVENUE, SUITE 215
WHITE PLAINS, NEW YORK 10604
By Appointment Only

Senders Direct Email:
mfatovich@norgaardfirm.com

† NJ & NY Bars
◊ NJ, NY & FL Bars

www.norgaardfirm.com

**PLEASE REPLY TO
ENGLEWOOD OFFICE**

October 10, 2023

**VIA ECF**
Honorable Stacey L. Meisel
United States Bankruptcy Court
Martin Luther King, Jr. Federal Building
50 Walnut Street
Newark, NJ 07102

      Re:    **In re Michael Moshe Cohen
Ch. 7 Case No. 23-10086(SLM)
Response of the Chapter 7 Trustee to Motion to Intervene
Hearing: October 17, 2023 at 10:00 a.m.**

Dear Judge Meisel:

      This firm represents Ilissa Churgin Hook, Esq. the Chapter 7 trustee (the "Trustee") for the estate of Michael Moshe Cohen (the "Debtor") in the subject Chapter 7 bankruptcy proceeding. Please accept this Letter Response in lieu of a more formal Response by the Trustee to Motion To Intervene And Compel Compliance With N.J.S.A. N.J.S.A. 46-317[1] [Docket No. 65](the "Motion to Intervene") filed by Nancy Louise Cohen (the "Movant") relating to the Debtor's real property

---

[1] It appears that the statutory reference should be N.J.S.A. 46:3-17.4.

1

located at 7 Stanford Court West Orange, NJ 07052 (the "Property"). Whilst captioned as a motion to intervene, Movant actually seeks the extraordinary relief of a judicial modification of the March 17, 2000 recorded deed (the "Deed") to the Property based upon an alleged "mutual mistake" more than 20 years ago. Specifically, the Movant asks the Court to modify the Deed, which lists the Debtor as the sole purchaser and owner of the Property, thereby transforming the Debtor's 100% interest in the Property, which is an asset of the bankruptcy estate, to a joint ownership with Movant as a tenancy by the entirety.

The Movant filed the Motion to Intervene on August 16, 2023[2], shortly after the Court overruled the Debtor's Objection to the Trustee's retention of a realtor, which would have allowed the Trustee to begin marketing the Debtor's Property for the benefit of creditors. See Trustee's Certification at Paragraphs 13-15. Notably, the Debtor's Objection to the Trustee's retention of a realtor contained no reference to the alleged "mutual mistake" at issue in the instant motion, giving rise to the impression that it is part of the ongoing attempts by the Debtor to delay and hinder the Trustee's marketing of the Property. Movant fails to present credible evidence of an ownership interest in the Property, the alleged "mutual mistake" as to the Debtor's purchase of the Property, a logical explanation for the 20 plus year delay in seeking this relief or citing binding case law to support the proposed revision of the Deed. Therefore, the Motion to Intervene should be denied.

**Background**

The Trustee relies upon her Certification Of Chapter 7 Trustee In Response To Motion To Intervene And Compel Compliance With N.J.S.A. 46-317 (the "Trustee's Certification") with attached Exhibits "A" to "E," which is incorporated by reference herein, as to the facts in the subject matter.

---

2 Movant's Memorandum of Law incorrectly states that the Motion to Intervene was filed on August 10, 2023.

**Introduction**

The Movant's Motion to Intervene seeks to enforce N.J.S.A. 46:3-17.4, which provides:

N.J.S.A. 46:3-17.4 Tenancy by entirety; written consent of spouse to sever, alienate or otherwise affect:

Neither spouse may sever, alienate or otherwise affect their interest in the tenancy by the entirety during the marriage or upon separation without the written consent of both spouses.

This statute clearly is not applicable in the subject matter because the Debtor holds sole title to the Property pursuant to the Deed, which was recorded more than 20 years ago when the Debtor purchased the Property. Movant cannot utilize this statute to enforce rights which do not exist nor to create such rights in an attempt to prevent the Trustee from marketing the Debtor's Property for the benefit of his creditors.

The Debtor holds sole title to the Property as evidenced by the Deed recorded more than 20 years ago when the Debtor purchased the Property. See Trustee's Certification at Paragraph 8 and Exhibit "A." Movant provides no legally binding documents which indicate otherwise. Movant fails to present any credible, admissible evidence in support of her allegations of a "mutual mistake" between the Debtor and Seller of the Property. Nor has Movant provided to this Court a credible explanation for 20 plus years which elapsed before the Debtor and Movant supposedly realized that the Movant is not listed, and has never been listed on, the Deed to the Property. Conveniently, this realization apparently occurred after the Trustee successfully overcame Debtor's Objection to her retention of a realtor and commenced marketing the Property.

Essentially, the Movant requests that this Court grant her a 50% interest in the Property, decades after the Debtor's purchase of the Property, based upon the vague, alleged recollections of the Debtor and the Movant, implausible inferences from a collection of documents and

misinterpretation of case law. The Movant fails to provide any credible evidence of the alleged "mutual mistake," nor a reasonable explanation as to why the Debtor and Movant only discovered the alleged mistake in the Deed decades after the original real estate transaction and ignoring numerous transactions and events, discussed below, which illustrated that the Debtor is the 100% owner of the Property. The Movant's motion is a mere continuation of the Debtor's attempts to prevent the Trustee's sale of the Property and exemplifies bad faith on the part of the Debtor and Movant.

**Movant Provides No Credible Evidence Of Ownership Or Mutual Mistake In Connection To The Deed**

Movant relies in part upon her Certification which contains somewhat vague statements and documents which do not substantiate the allegations set forth in the moving papers. For example, Movant's statement in Paragraph 3 of her Certification that she believes she is liable on the first mortgage on the Property is at best inaccurate and contradicted by the record. On January 30, 2023, Debtor's counsel filed the Debtor's Schedule H which indicated that the Debtor did not have a co-debtor for any of the debts listed on his petition, including this mortgage. See Docket No. 13. Debtor's counsel uploaded to the Trustee's Stretto Portal, in advance of the April 20, 2023 341(a) Meeting of Creditors, a copy of the January 12, 2023 Select Portfolio Servicing, Inc. ("Select") mortgage statement for the first mortgage on the Property, which lists only the Debtor as the borrower. See Trustee's Certification at Paragraph 9 and Exhibit "B." Moreover, the pleadings in the Debtor's prior Chapter 7 bankruptcy proceeding, under Case No. 14-23412-JKS in 2014, also reflect that the Debtor is the 100% owner of the Property. As in the subject matter, the Debtor failed to list the Movant as a co-debtor on Schedule H of his 2014 bankruptcy petition. See Docket No. 1, Case No. 14-23412-JKS. Additionally, in the 2014 proceeding, Select, through

4

its counsel, filed two separate Motions to Vacate Stay as to the Property which included copies of the original Promissory Note, signed only by the Debtor. See Trustee's Certification at Paragraphs 21-24 and Docket Nos. 72-2 and 89-1, Case No. 14-23412-JKS. Select's two Motions to Vacate Stay listed only the Debtor as the owner of the Property and were not served on the Movant. See Trustee's Certification at Paragraph 24.

The Movant, in her Certification, also asserted that she signed a loan modification after the Debtor's 2014 bankruptcy; however, that assertion is unsupported by a copy of relevant documentation. Instead, Movant points to a copy of the February 24, 2014 letter from Select, addressed only to the Debtor, advising of approval to participate in the Home Affordable Unemployment Program ("HAUP") "temporary forbearance plan," which is not legal proof of title. See Movant's Certification, Exhibit "B" at Page 1. The Movant's name is only included on an otherwise blank document which appears to be a mailing label, which also holds no legal significance. Moreover, as the Debtor's 2014 bankruptcy case was still open as of February 24, 2014, Bankruptcy Court approval would have been required for any loan modification agreement.

Movant alleges in Paragraph 4 of her Certification that she only became aware of the fact that she was not listed on the Deed shortly before filing the instant motion, stating that "… I did not see the deed issued at closing until a few weeks ago when my husband obtained it from the county clerk and showed me that I was not on the deed." However, this statement is contradicted by the fact that the Debtor's counsel, who apparently also represents the Movant, uploaded a copy of the Deed to the Trustee's Stretto Portal approximately four months prior on or about April 12, 2023. See Trustee's Certification at 8.

Moreover, the Debtor engaged in transactions and/or received documents, through the years, which reflect that he is the 100% owner of the Property and contradict Movant's assertions

5

in her Certification. In 2012, the Debtor signed, as the sole owner of the Property, an Easement Agreement with Harvey Bell, owner of a neighboring property located at 9 Standfort Court, West Orange, New Jersey. See Trustee's Certification at Paragraph 19 and Exhibit "C." Notably, the Movant's name is not listed as a co-owner, nor did Movant sign the Easement Agreement. The Debtor also received tax notices from the Township of West Orange Tax Collector's office, such as the Tax Notice and Tax Sale Notice, which are addressed solely to the Debtor, and which clearly list only him as the owner of the Property. See Trustee's Certification at Paragraph 20 and Exhibit "D." As municipal tax collectors issue tax bills on an annual basis, it is a reasonable assumption that the Debtor received similar notices in prior years.

Movant's Certification further contains an unsupported claim of having paid more mortgage payments that the Debtor because "… I have been more consistently employed during the marriage than has my husband." See Movant's Certification at Paragraph 5. However, Movant's claim is completely irrelevant as these alleged payments do not entitle her to an ownership in the Property. At best, the Movant might have an equitable distribution claim if she and the Debtor were to divorce. Moreover, Movant's claim is questionable given the fact that her gross monthly income from employment is listed on Debtor's Schedule I as $3,108.00, an amount less than the $3,727.00 monthly mortgage payment on the first mortgage, listed on Schedule J of the Debtor's petition. See Docket Nos. 1-10, Schedule I Monthly Income and 1-11 Schedule J Monthly Expenses.

The Movant also relies upon the Debtor's Certification in support of the instant motion, which contains what appear to be vague recollections of alleged conversations he purportedly had with the now deceased seller of the Property and/or that individual's daughter. The now deceased seller is clearly no longer available to corroborate the substance of these conversations. The

6

Debtor's assertions about these conversations, which constitute inadmissible hearsay under Federal Rules of Evidence, are unsupported by documents or credible proofs. Moreover, alleged conversations do not convey title to real property.

**The Movant Fails To Provide A Sufficient Legal Basis To Support Intervention**

It is somewhat unclear specifically what the Movant seeks to intervene in, given that there are no pending adversary proceedings or contested motions. Movant refers to Federal Rule 24(b)(1)(B), which is applicable in a bankruptcy pursuant to Bankruptcy Rule 7024, which relates to permissive intervention where a party "…has a claim or defense that shares with the main action a common question of law or fact." However, there is no pending adversary proceeding or contested action in the subject bankruptcy proceeding. Therefore, this rule is not applicable here. The Movant also cites various Fifth Circuit cases which are not factually dispositive and binding on this Court.

Movant argues that she should be permitted to intervene to protect her interest in the Property, that such intervention is necessary to protect her interest in the Property and that "…that the issue in question relates directly to Mrs.Cohen's interest in the sole meaningful asset that the couple has, the marital residence." See Movant's Memorandum of Law at Page 3. This is a circular argument, as the main relief Movant seeks is modification of the Deed, which would give her an ownership interest in the Property.

**The Language of N.J.S.A. 46:3-17.4 Does Not Support The Extraordinary Relief Sought By Movant**

Movant's reliance on N.J.S.A. 46:3-17.4 is misplaced. This New Jersey statute protects property held by a married couple as tenants by the entirety by prohibiting one spouse from encumbering an interest in the property without consent of the other spouse. However, this statute

7

applies to property owned by his or her spouse. It does not confer ownership on a spouse not in legal title.

Movant relies in part upon the Court's prior decision in *In re Weiss*, 638 B.R. 543 (Bankr. D.N.J. 2022) in support of the Motion to Intervene. That reliance is misplaced because the circumstances in the subject matter are clearly distinguishable from those in *Weiss*, where this Court held that a Chapter 7 debtor could not exempt real property in New Jersey, co-owned with a non-debtor spouse as tenants in the entirety, under the state exemptions in reliance upon Section 522(b)(3)(B) of the Bankruptcy Code. First, unlike in *Weiss*, the Debtor and the Movant do not co-own the Property as tenants in the entirety - only the Debtor is an owner of record as discussed *infra*. Movant is trying to bend the facts in the subject matter into the Court's holding in the *Weiss* case and fails to do so. Further, this Court's analysis of New Jersey property statutes and law was undertaken to determine whether the Chapter 7 trustee and an objecting creditor would prevail in their objections to the Debtor's attempt to exempt the entire property. The issue of the Debtor's exemption in the Property has already been resolved. See Trustee's Certification at Paragraphs 11-12.

**Movant Fails To Provide A Valid Basis To Support A Modification Of The Deed To The Debtor's Property**

The Movant's reliance upon the case *In re Blais*, 512 B.R. 727 (1Cir BAP 2014), which is not binding of this Court is also misplaced. In *Blais*, the court's ruling, interpreting Maine property law, ruled that the bankruptcy court could correct an error in the property description in a mortgage, where the secured creditor demonstrated by "clear and convincing evidence" that there was a mutual mistake as to that property description of the parcel of land secured by its mortgage. The Movant states but fails in any manner to clearly articulate how the property law and/or statutes in

New Jersey are "similar if not identical" to Maine law. Nor does the Movant present a credible argument in support of the theory that amending a deed to drastically alter title to property, and the bankruptcy estate's interest in the Property, correlates to correcting an error in the description of property. Moreover, even if such a revision were permissible, Movant fails to meet the clear and convincing evidence standard articulated in the *Blais* ruling. Instead, the Movant and the Debtor offer Certifications containing vague statements, recollections of alleged conversations with the now deceased individual who sold the Property to the Debtor and their own undocumented assertions in support of the requested relief.

Additionally, as noted above, transactions and legal documents contradict the Movant's assertion, including the recorded Easement Agreement signed by the Debtor in 2012 as "the owner of record" of the Property, as well as the Debtor's 2014 Chapter 7 bankruptcy petition under Docket No. 14-23412-JKS. Nor does the Movant or the Debtor provide any explanation for the sudden "realization" that Movant was not on title for decades, particularly when the Debtor received property tax bills and mortgage statements which name only the Debtor as the owner for more than 20 years.

Based on the foregoing, the Trustee respectfully requests that the Court deny the Motion to Intervene and aware reasonable attorney fees in connection to the subject Response.

Respectfully submitted,

Norgaard, O'Boyle & Hannon
Counsel for the Chapter 7 Trustee
Ilissa Churgin Hook, Esq.

By:    /s/ Milica A. Fatovich, Esq.
Milica A. Fatovich, Esq.

Dated: October 10, 2023