# NORGAARD, O'BOYLE & HANNON

### (A TRADE NAME OF GARY K. NORGAARD, PC)

## COUNSELLORS AT LAW

GARY K. NORGAARD† (ret.)
JOHN O'BOYLE
KARL J. NORGAARD†
BRIAN G. HANNON†
CASSANDRA C. NORGAARD†

――――――――――――

ANTHONY E. HOPE†
MARK E. NORGAARD†
JACLYNN N. MCDONNELL◊

――――――――――――

WILLIAM H. SCHMIDT of counsel
ILISSA CHURGIN HOOK of counsel †
MILICA A. FATOVICH of counsel

184 GRAND AVENUE
ENGLEWOOD, NEW JERSEY 07631-3507
Telephone (201) 871-1333
Facsimile (201) 871-3161
――――
810 ASBURY AVENUE, SUITE 206
OCEAN CITY, NEW JERSEY 08226
Telephone No. (609) 439-4070
Facsimile (609) 439-4280
By Appointment Only
――――
1025 WESTCHESTER AVENUE, SUITE 215
WHITE PLAINS, NEW YORK 10604
By Appointment Only

Senders Direct Email:
mfatovich@norgaardfirm.com

† NJ & NY Bars
◊ NJ, NY & FL Bars

**www.norgaardfirm.com**

**PLEASE REPLY TO
ENGLEWOOD OFFICE**

October 26, 2023

**VIA ECF**
Honorable Stacey L. Meisel
United States Bankruptcy Court
Martin Luther King, Jr. Federal Building
50 Walnut Street
Newark, NJ 07102

> **Re:** **In re Michael Moshe Cohen**
> **Ch. 7 Case No. 23-10086(SLM)**
> **Response of the Chapter 7 Trustee to Motion to Intervene**
> **Hearing: October 31, 2023 at 10:00 a.m.**

Dear Judge Meisel:

This firm represents Ilissa Churgin Hook, Esq. the Chapter 7 trustee (the "Trustee") for the

estate of Michael Moshe Cohen (the "Debtor") in the subject Chapter 7 bankruptcy proceeding.

Please accept this Supplemental Letter Response in lieu of a more formal Supplemental Response

by the Trustee to Motion To Intervene And Compel Compliance With N.J.S.A. N.J.S.A. 46-317[1]

――――――――――――

[1] It appears that the statutory reference should be N.J.S.A. 46:3-17.4.

1

[Docket No. 65](the "Motion to Intervene") filed by Nancy Louise Cohen (the "Movant") relating to the Debtor's real property located at 7 Stanford Court West Orange, NJ 07052 (the "Property"). Movant's supplemental pleadings, consisting of Declaration of Roger L. Fidler (the "Fidler Certification") [Doc. No. 76] with Exhibits "A" to "M," continues her reliance upon inadmissible hearsay evidence, dubious inferences, speculative statements, and documents of little or no relevance and which do not confer or support an interest the Property. Movant again fails to present the Court with binding case law or convincing, admissible evidence in support of the Motion to Intervene and the requested extraordinary relief, specifically seeking to have the Court to modify March 17, 2000 recorded deed to the Property (the "Deed") [Doc No. ] , which lists the Debtor as the sole purchaser and owner of the Property.  Therefore, the Motion to Intervene should be denied in its entirety.

The Trustee relies upon her Certification Of Chapter 7 Trustee In Response To Motion To Intervene And Compel Compliance With N.J.S.A. 46-317 (the "Trustee's Certification") [Doc No. 70] with attached Exhibits "A" to "E" and Letter Response [Doc No. 71] (collectively the "Trustee's Response") which are incorporated by reference herein, as to the facts in the subject matter.

The Movant seeks in the Motion to Intervene the extraordinary relief of the Court modifying the Deed, which lists the Debtor as the sole purchaser and owner of the Property, based upon an alleged "mutual mistake" more than 20 years ago, thereby transforming the Debtor's 100% interest in the Property, which is an asset of the bankruptcy estate, to a joint ownership with Movant as a tenancy by the entirety.  Movant's initial pleadings provided no credible, admissible evidence in support of the alleged "mutual mistake," no binding legal authority for the requested relief and no convincing explanation as to for the more than 20-year delay in discovering the

2

alleged "mutual mistake" in the face of documentation and transactions which clearly put the Debtor on notice to his status as the sole owner of the Property.

The Movant's supplemental pleadings attempt to utilize various documents of questionable value, conjecture by her counsel and a real estate broker, self-interested statements of belief, and again, inadmissible hearsay as to the now deceased Seller's alleged statements and intentions, none of which negate the recorded Deed. Not only are these unconvincing, but they are also unnecessary because there is clear documentation as to the Seller's intentions by way of her actions. The Seller signed, in the presence of counsel, the Deed which listed Debtor as the purchaser and 100% owner. See Exhibit "A" to Trustee's Certification. The recorded Deed clearly and unequivocally sets forth the Seller's intention and Debtor's sole ownership of the Property. Movant provides no legitimate basis to modify the Deed.

Movant again seeks to contradict the recorded and long-standing Deed with hearsay regarding alleged conversations with and/or statements by the now deceased Seller in support of her allegations that a "mutual mistake" at the closing on the Debtor's purchase of the Property. See Declaration of Roger L. Fidler ("Counsel's Declaration") [Doc No. 76] and the Declaration of Maria Morrision Heningburg (the "Heningburg Declaration") [Doc No. 77]. Counsel indicates he, like the Debtor, had a conversation with Ms. Ostrowsky, the daughter of the now deceased Seller, regarding conversations with and comments by the Seller. See Counsel's Declaration at Paragraph 11. This does not cure the deficiency as to similar statements by the Debtor. See Certification of Michae Moshe Cohen (the "Debtor's Certification") [Doc No. 65-1 at Paragraph 3]. Regardless of whether the Debtor or counsel spoke with Ms. Ostrowsky, the alleged conversations with and/or comments by the deceased Seller constitutes inadmissible hearsay evidence under the Federal Rules of Evidence. Moreover, Debtor's statement that "I have no doubt that the conveyance was

mistaken in conveying the Premises to me alone," is flatly contradicted by the Debtor's own actions with respect to a subsequent easement transaction discussed *infra*.

Movant's reliance upon the recollections and beliefs of the Ms. Heningburg regarding the home inspection of the Property, which allegedly occurred <u>prior</u> to the preparation of the sale contract on the Debtor's purchase of the Property, is not a sufficient basis to negate a recorded Deed. <u>See</u> Heningburg Declaration at Paragraph 3. Similarly, Ms. Heningburg's statements that (i) she believed, not that she was certain, the sale contract for the Property was not in the Debtor's name alone, and (ii) she would have recalled if the sale contract was only in the Debtor's name because it would be an "unusual" transaction does not constitute credible and conclusive evidence to sufficient to challenge the Deed recorded more than 20-years ago.

The Movant's supplemental pleadings fail to address the fact that on or about November 12, 2012, the Debtor executed, as the 100% owner of the Property, an Easement Agreement with the owner of a neighboring property, more than a dozen years after the closing on the Property. The Easement Agreement was recorded in the Essex County property records on December 17, 2012 under Instrument Number 12105124 in the Essex County Register's Office. <u>See</u> Exhibit "C" to Trustee's Certification. The Debtor's actions in granting this easement and signing the Easement Agreement clearly indicates that the Debtor, contrary to his statements in Paragraph 4 of the Debtor's Certification, knew that he was the only owner of record of the Property and failed to add the Movant to title years ago. The Debtor clearly waived his right to add the Movant to the Deed to correct any alleged "mutual mistake" or to argue that he only recently learned of the contents of the Deed now that the Trustee seeks to sell the Property for the benefit of his creditors.

The Trustee raised numerous inconsistencies and inaccuracies in the Certification of Nancy Louise Cohen ("Movant's Certification") [Docket No. 65-2] which Movant failed to adequately

address in her supplemental pleadings with respect to the first mortgage on Property held by Select

Portfolio Servicing, Inc. ("Select"), servicer for U.S. Bank N.A., as trustee, on behalf of the holders

of the J.P. Morgan Mortgage Truste 2007-S3 Mortgage Pass-Through Certificates.

Movant's stated that she believed she was "formally liable" on the first mortgage since it

was modified in or about April 2007 and on the original mortgage. See Movant's Certification at

Paragraph 3. However, Movant never signed the Promissory Note, which would create personal

liability, and is not listed on the Select mortgage statement provided by Debtor's counsel. See

Trustee's Certification at Paragraph 23-24 (regarding Select's two Motions to Vacate Stay in

Debtor's 2014 bankruptcy do not include Movant as co-debtor or co-owner) and Paragraph 9 and

Exhibit "B" (Movant not listed as borrower on January 12, 2023 Select Mortgage statement).

Moreover, as noted the Trustee's Response, the Debtor failed to list Movant as a co-debtor on the

first mortgage on Schedule H of his current petition or in his 2014 petition as required under the

Bankruptcy Code. In 2000, Movant only signed the mortgage, which created the lien on the

Property but does not create any personal liability on a mortgage loan nor confer any interest in

real property.  Movant's reliance upon the Schedule A of the Debtor's 2014 bankruptcy petition,

which was prepared by the Debtor, is not determinative of her interest in the Property. Merely

because the Debtor listed the Property as a joint marital residence on Schedule A of his 2014

petition and current petition does create a joint tenancy by the entirety between the Debtor and

Movant.  Although the Movant signed the mortgage, there is no evidence that she is a borrower or

signed the promissory note. Moreover, even if Movant had personally guaranteed the mortgage

loan or been added as a borrower, that does not create or evidence ownership of the Property.

Movant inaccurately claimed that a 2014 mortgage modification was completed in both the Debtor's and her name. <u>See</u> Movant's Certification at Paragraph 8. In support of her statement, Movant pointed to a copy of the February 24, 2014 letter from Select regarding a temporary loan forbearance plan addressed only to the Debtor. <u>See</u> Movant's Certification, Exhibit "B" at Page 1. However, Movant has not provided a copy of a fully executed and recorded loan modification.

Movant's supplemental pleadings provide additional documents which her counsel apparently obtained via a Rule 2004 Subpoena to Select. At the October 17th hearing, counsel advised the Court that he had just received close to 5,000 documents from Select and needed time to review them. Given the substantial document production by Select, it is notable that counsel apparently located only a handful of documents of questionable value and which in some cases contradict Movant's assertions to be on a co-debtor on the Select mortgage and/or have an ownership interest. These documents include documents prepared by, or forms filled in by, the Debtor and/or Movant, such as Movant's Exhibit "D," Request for Mortgage Assistance, Exhibit "H," a 2015 Select Financial Form, Exhibit "I," signed Loan Modification paperwork. These documents are not proof of ownership, that Movant was added personally liable for the loan, or that she jointly obtained a loan modification with the Debtor. The Trustee notes that Movant has not provided a signed and filed Loan Modification as an exhibit to her supplemental pleadings.

Movant also includes copies of various documents prepared by the title company involved in the Debtor's 2000 purchase of the Property, such as the Closing Instructions included as Exhibit "L" to Counsel's Declaration. The Closing Instructions are not legal documents, rather they appear to be a set of instructions and/or a check list for individuals involved in the closing. It should be noted that the Debtor is the only individual listed as the client. See Exhibit "L" at Page 1. Also, one of items listed in the "Transaction Specific Instructions" states "[n]on-borrowing spouse: <u>if</u> on

title must sign dower docs." <u>Id</u>. None of the documents provided by Movant provide convincing, admissible evidence of her ownership interest or the alleged "mutual mistake," which resulted in her not being listed on the Deed.  Nor do any of these documents explain the delay of more than 23 years to address or correct this "mutual mistake." It is the Trustee's position that the Movant is barred by the doctrine of laches to assert an ownership interest or seek to modify the recorded Deed at this late stage.

Based on the foregoing, the Trustee respectfully requests that the Court deny the Motion to Intervene. award reasonable attorney fees in connection with the Trustee's Response.

Respectfully submitted,

Norgaard, O'Boyle & Hannon
Counsel for the Chapter 7 Trustee
Ilissa Churgin Hook, Esq.

By:    <u>/s/ Milica A. Fatovich, Esq.</u>
Milica A. Fatovich, Esq.

Dated: October 26, 2023