| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>NORGAARD, O'BOYLE & HANNON<br>184 Grand Avenue<br>Englewood, New Jersey 07631<br>Telephone No. (201) 871-1333<br>Counsel to Chapter 7 Trustee Ilissa Churgin Hook<br>By:  Milica A. Fatovich, Esq.<br>         mfatovich@norgaardfirm.com | Chapter 7 |
| **In re:**<br><br>MICHAEL MOSHE COHEN**,**<br><br>                              **Debtor.** | Hon. Stacey L. Meisel, U.S.B.J.<br><br>Case No. 23-10086(SLM)<br><br>Hearing Date: April 17, 2024 at 10:00 am. |

**CHAPTER 7 TRUSTEE'S SUPPLEMENTAL RESPONSE TO DEBTOR'S SUPPLEMENTAL CERTIFICATION AND IN FURTHER OPPOSITION TO THE DEBTOR'S MOTION TO CONVERT TO CHAPTER 13**

**TO:  HONORABLE STACEY L. MEISEL, U.S.B.J.**
    **UNITED STATES BANKRUPTCY COURT**

Ilissa Churgin Hook (the "Trustee"), the duly appointed Chapter 7 Trustee for the estate of Michael Moshe Cohen  (the "Debtor") in the above-captioned matter, by and through her counsel Norgaard O'Boyle & Hannon, hereby submits this Supplemental Response (i) in response to the Supplemental Certification of Michael Cohen (the "Debtor's Supplemental Certification")[Docket No. 120] and Exhibit "A," Proposed Chapter 13 Plan (the "Plan")[Docket No. 120-1]; and (ii) the Chapter 7 Trustee's Supplemental Certification (the "Trustee's Certification") In Response To Debtor's Supplemental Certification And In Further Opposition to the Debtor's Motion to Convert to Chapter 13 (collectively the "Trustee's Supplemental Opposition") to the Debtor's Motion to Convert to Chapter 13 (the "Debtor's Motion")[Docket No. 108]; and (ii) in further support of the  Motion for Authorization to sell to JTC Enterprises,

LLC (the "Purchaser"), for $580,000.00, the estate's interest in the real property known as 7 Stanford Court, West Orange, NJ 07052 (the "Property") free and clear of liens pursuant to 11 U.S.C. Sec. 363(b) and for approval of the sale subject to higher and better offers; for relief from the 14-day stay of Fed. R. Bank. P. 6004(h); for allowance and payment of compensation to the Trustee's real estate broker pursuant to 11 U.S.C. Sec. 328(a) and 503(b)(1); permitting distribution of the Debtor's exemption in the Property, and for related relief (the "Sale Motion")[Docket No. 93], all of which are incorporated by reference herein, as follows:

1. At the conclusion of the April 2, 2024 hearing on the Debtor's Motion, the Court instructed the Debtor to make a mortgage payment on the first mortgage and a real estate tax payment by noon on April 5th in order to obtain an adjournment and submit supplemental pleadings to rebut the Trustee's arguments that the Debtor's bad faith behavior constituted an exception to the right to convert to Chapter 13 created by §706(a). On April 5, 2024, the Debtor's counsel e-filed the April 5, 2024 Certification of Michael Cohen (the "April 5, 2024 Certification") [Docket No. 119] with Exhibit "A," consisting of a copy of Check No. 108, dated April 4, 2024, in the amount of $4,180.34, from a Charles Schwab/The Bank of New York Mellon checking account in the names of Joseph Edward Cohen and Samuel Marcus Cohen (the "Payment")[Docket No. 119-1] as proof of a mortgage payment made to Select Portfolio Services ("Select"), the servicer for the first mortgage U.S. Bank N.A., as trustee, on behalf of the holders of the J.P. Morgan Mortgage Trust 2007-S3 Mortgage Pass-Through Certificates (the "Secured Creditor") on behalf of the Debtor.

2. Although the Debtor states in the April 5, 2024 Certification that he made "a payment, with tax" to the Secured Creditor, this is not strictly accurate – the Debtor's college age sons actually made the Payment to the Secured Creditor. The Payment illustrates the fact that the

2

Debtor does not himself have the means to propose a feasible Chapter 13 Plan which could be confirmed by the Court and would provide better treatment to general unsecured creditors than the Trustee's proposed all cash sale of the Property, and that the Debtor's ongoing attempts to derail the proposed sale of the Property without a viable alternative constitutes a continuation of bad faith by the Debtor to delay and/or prevent a sale of the Property.

3. While the Payment allowed the Debtor to obtain an adjournment of the Debtor's Motion, the Debtor fails to demonstrate a true ability to fund and confirm a Chapter 13 plan, which addresses the substantial arrears to the Secured Creditor, pays the matured second mortgage held by Real Time Resolutions, Inc. ("Real Time"), pays Chapter 7 administrative claims, pays the Chapter 13 Standing Trustee's statutory ten percent commission and provides for a more meaningful distribution to general unsecured creditors than they would receive in Chapter 7.

4. On April 9, 2024, the Debtor's counsel e-filed the Supplemental Certification Of Michael Cohen, with his proposed Chapter 13 Plan (the "Plan") as Exhibit "A" thereto (the "Supplemental Certification")[Docket No. 120-1], in further support of the Debtor's Motion. While these pleadings contain some details, the Debtor yet again fails to provide ***proof*** of his ability to fund the Plan. Although these pleadings allege that there are now higher dollar amounts to be paid to creditors, including administrative claimants, there continues to be a lack of proof of the source of all necessary funds, including, but not limited to proof of income from the Debtor's new job, or any proof of income of the Debtor's sons and/or other third parties who allegedly will be contributing to the Debtor's Chapter 13 Plan should the Court decide to convert this case.

3

5. The Debtor, despite (i) asserting in the Debtor's Motion and his March 29, 2024 sur-reply [Docket No. 115] that he obtained new employment at $120,000.00 per year, (ii) receiving a check dated April 4, 2024 in the amount of $3,000.00, and (iii) allegedly having the amount of $2,000.00 per month available to him from mystery individuals and entities, apparently was forced to rely upon a payment by his two college-aged sons to meet the Court's requirement to adjourn the hearing.

6. The Debtor apparently elected to ignore the Court's comments at the April 2nd hearing that non-disclosure of sources of contributions could be used to infer bad faith; the Debtor continues to provide no specific names and dollar amounts of the $2,000.00 contributions which he relies upon to help fund the Plan. If the Debtor's Motion is granted, the Debtor would be required to provide to the Chapter 13 Trustee contribution letters from all parties providing funds of more than $500.00 per month that the Debtor utilizes to fund his expenses and proposed Chapter 13 Plan, as clearly outlined on the Chapter 13 Trustee's website. See Exhibit "B" to Trustee's Supplemental Certification. Moreover, the Debtor would also be required to provide proof of income for any party contributing more than $500.00, such as the Debtor's son's proposed assumption of his auto payments of more than $1,000.00 per month, especially given that the Debtor still claimed both of his sons as dependents on his 2022 federal tax return. See Exhibit "C" to the Trustee's Supplemental Certification.

7. The Debtor's proposed "Plan" is merely an illusion of better treatment of creditors without verifiable proof of the Debtor's ability to comply with its terms.

8. If the Debtor's case is converted without the ability to provide this information and confirm a feasible plan, the creditors would not receive funds and the potential cash sale of the Property would be lost.

9. Every time the Trustee raised issues regarding the of lack of information, the Debtor provides some additional information but never enough to provide a complete picture of his finances and ability to fund the Plan. The Debtor continues to assert that he and/or his wife receive $2,000.00 per month in contributions. However, the Debtor fails to explain why he defaulted on his mortgage payments if these contributions were a steady source of income. On March 29, 2024, the Debtor's counsel e-filed the Certification Of Michael Cohen In Reply To Chapter 7 Trustee's Opposition To The Debtor's Motion To Convert To Chapter 13 (the "March 29, 2024 Certification")[Docket No. 115]. The Debtor's March 29, 2024 Certification implies he and his wife would consider obtaining less expensive autos if necessary. See Docket No. 115. However, the Debtor's Supplemental Certification proposes that his son will make the more than $1,000.00 payment for his auto. Notably, these Certifications indicate that payments continued to be made on a luxury auto while payments on the mortgage were not made, thus increasing the payoff of the Secured Creditor's claim in the face of the Trustee's attempts to sell the subject Property.

10. On July 31, 2023, Debtor's prior counsel sent an email to the Trustee's counsel, with a copy to the Debtor, of a July 18, 2023 appraisal of the Property prepared by Robert Hanlon of Eagle Rock Appraisals which indicated a value of $480,000.00 May 17, 2023. See Exhibit "A" of the Trustee's Supplemental Certification. However, in the Debtor's March 29, 2024 Certification in Reply to Chapter 7 Trustee's Opposition to the Debtor's Motion to Convert to Chapter 13 (the "March 29, 2024 Certification")[Docket No. 115] the Debtor alleged that the attached January 12, 2024 appraisal, by the same appraiser, "… which shows that the basement leaks and there is water damage and mold, which will require remediation." See March 29, 2024 Certification at Paragraph 6. The Debtor further stated that a home inspection by the proposed

5

Purchaser would uncover water damage and conditions which would require "thousands of dollars to remediate and are likely to cause the buyer to request a price reduction or perhaps even cancel the contract." See March 29, 2024 Certification at Paragraph 7. Remarkably, the January 12, 2024 appraisal, months later and using different comparable sales, also valued the Property at $480,000.00. Moreover, neither appraisal refers to significant water damage or serious conditions requiring remediation.

11. The totality of the Debtor's actions in this bankruptcy proceeding rise to the level of the bad faith exception to the right to convert to a Chapter 13 under to the conversion right created by §706(a) Chapter 13 as set forth by the United States Supreme Court in *Marrama v. Citizens Bank of Massachusetts*, 549 U.S. 365 (2007). In *Marrama*, the Court held that that bankruptcy judges' broad authority to take necessary or appropriate action a "to prevent an abuse of process" as described in §105(a) of the Bankruptcy Code is a sufficient basis to deny a debtor's motion to convert their case where there is a finding of bad faith. The subject matter is such a case. The Debtor's problematic behavior extends well beyond his attempt to take an improper exemption in the Property. The Debtor engaged in a pattern of meritless litigation, both individually and in concert with his wife in the Motion to Intervene as described herein, to hinder, delay and/or prevent the Trustee from sell the Property, resulting in delays and interruptions in the marketing of the Property, a waste of judicial resources and an unnecessary increase in administrative costs and legal fees. The Debtor's failure to provide proof of the ability to fund a Chapter 13 Plan which would provide better treatment to creditors than they would receive in Chapter 7 is merely another attempt by the Debtor to halt the Trustee's sale of the Property – a sale which would pay secured creditors in approximately 60 days, and all other creditors within 6 months.

12.     Based on the foregoing, the Trustee respectfully requests that the Sale Motion be granted and the Debtor's Motion to Convert to Chapter 13 be denied. In the alternative, if the Court grants the Debtor's Motion, the Trustee respectfully requests that the Court enter an Order including the provision that if the Debtor cannot confirm a feasible Chapter 13 case, that the case be re-converted to a Chapter 7 rather than dismissed and that the Trustee be reappointed as the Chapter 7 Trustee.

WHEREFORE, the Trustee respectfully requests this Court enter an Order granting the Sale Motion and denying the Debtor's Motion to Convert.

                                              Respectfully submitted,

Dated: April 12, 2024                            /s/    Milica A. Fatovich, Esq.
                                                                                   Milica A. Fatovich, Esq.