UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in compliance with D.N.J. LBR 9004-1(b)**
NORGAARD, O'BOYLE & HANNON
184 Grand Avenue
Englewood, NJ  07631
(201) 871-1333
Counsel to Chapter 7 Trustee, Ilissa Churgin Hook
By: Milica A. Fatovich
      mfatovich@norgaardfirm.com

Order Filed on June 24, 2024
by Clerk,
U.S. Bankruptcy Court
District of New Jersey

Chapter 7

In re:

MICHAEL MOSHE COHEN,

                          Debtor.

Case No.: 23-10086(SLM)

Hearing Date: May 29, 2024 at 10:00 a.m.

## ORDER CONDITIONALLY CONVERTING CASE TO CHAPTER 13; DENYING CHAPTER 7 TRUSTEE'S MOTION TO APPROVE SALE OF REAL PROPERTY; AND GRANTING RELATED RELIEF

The relief set forth on the following pages, numbered two (2) through six (6) is hereby ORDERED.

**DATED: June 24, 2024**

_Stacey L. Meisel_
Honorable Stacey L. Meisel
United States Bankruptcy Judge

Page    2
Debtor:  Michael Moshe Cohen
Case No. 23-10086(SLM)
Order Conditionally Converting Case To Chapter 13; Denying Chapter 7 Trustee's Motion to
Approve Sale of Real Property; And Granting Related Relief

_____

THIS MATTER has come to the attention of the Court upon the motion of Ilissa Churgin Hook, the duly appointed Chapter 7 Trustee (the "Applicant" or "Trustee") for the estate of Michael Moshe Cohen (the "Debtor") in the above-captioned matter, for an order authorizing the sale of the Debtor's real property known as 7 Stanford Court, West Orange, NJ 07052 (the "Property"), for relief from the 14-day stay of Fed. R. Bankr. P. 6004(h), for allowance of compensation to the realtor and for permission to pay the same at closing; for permission to pay the Debtor's exemption in the Property; and for related relief (the "Sale Motion")[Docket No. 93]; and the Debtor having filed an Objection to the Sale Motion [Docket No. 104] and a Cross-Motion to Compel Abandonment Or, In The Alternative, Convert To Chapter 13 (the "Cross-Motion")[Docket No. 103] to compel the abandonment of the Property, or alternatively, convert his case to Chapter 13; and the Debtor having subsequently filed a Motion to Convert to Chapter 13 (the "Motion to Convert")[Docket No. 108]; and the Trustee having filed Opposition to the Motion to Compel and the Motion to Convert; and the Court having considered the aforementioned pending motions and objections; and the Court finds good cause to make the following order.

IT IS ORDERED as follows:

1.    The Trustee's Sale Motion [Docket No. 93] is hereby denied.

2    The Debtor's Cross-Motion [Docket No. 103] is moot.

3.    The Debtor's Motion to Convert [Docket No. 108] is granted subject to the conditions set forth herein.

Page     3
Debtor:  Michael Moshe Cohen
Case No. 23-10086(SLM)
Order Conditionally Converting Case To Chapter 13; Denying Chapter 7 Trustee's Motion to
Approve Sale of Real Property; And Granting Related Relief

_____

4.      The Trustee shall have an allowed administrative claim, consisting of a quantum meruit claim of $10,000.00 relating to the administration of the Chapter 7 bankruptcy estate, which must be paid in full through the Debtor's proposed Chapter 13 Plan.

5.      The Trustee's counsel Norgaard O'Boyle & Hannon ("NOH") shall have an allowed administrative claim of $28,000.00, in connection with their representation of the Trustee during the administration of the Chapter 7 bankruptcy estate, which must be paid in full through the Debtor's proposed Chapter 13 Plan.

6.      If the Debtor cannot confirm a Chapter 13 Plan, which complies with the conditions herein, the Debtor's case shall be re-converted to a Chapter 7 bankruptcy, the Chapter 7 Trustee shall be allowed to proceed with marketing of the Property, with reasonable accommodation regarding the scheduling of viewings of the Property, for religious observances of the Debtor and his family. The Chapter 7 Trustee can apply for use of a lockbox should access become a problem.

7.      If the Debtor defaults on payments to the Chapter 13 Standing Trustee (the "Ch. 13 Trustee"), pursuant to the terms of his proposed or confirmed Chapter 13 Plan and cannot cure the default within thirty (30) days, the Debtor's case shall be re-converted to a Chapter 7 bankruptcy. The Chapter 7 Trustee shall be allowed to proceed with marketing of the Property, with reasonable accommodation regarding the scheduling of viewings of the Property, for religious observances of the Debtor and his family. The Chapter 7 Trustee can apply for use of a lockbox should access become a problem.

Page    4
Debtor:  Michael Moshe Cohen
Case No. 23-10086(SLM)
Order Conditionally Converting Case To Chapter 13; Denying Chapter 7 Trustee's Motion to
Approve Sale of Real Property; And Granting Related Relief

_____

8.     If Debtor defaults on the post-petition monthly payments which the Debtor commenced paying on or about April 5, 2024, on the first mortgage lien on the Property, currently held by Select Portfolio Servicing, Inc. (the "Secured Creditor"), the Debtor's case shall be re-converted to a Chapter 7 bankruptcy. The Chapter 7 Trustee shall be allowed to proceed with marketing of the Property, with reasonable accommodation regarding the scheduling of viewings of the Property, for religious observances of the Debtor and his family. The Debtor shall have a grace period of 30 days within which to cure any default which shall include payment of any applicable late charge. The Chapter 7 Trustee can apply for use of a lockbox should access become a problem.

9.     If the Debtor fails to pay in full through a confirmed Chapter 13 Plan, or otherwise resolve the claim of, the holder of the second mortgage lien on the Property, currently held by Real Time Resolutions, Inc., the Debtor's case shall be re-converted to a Chapter 7 bankruptcy. The Chapter 7 Trustee shall be allowed to proceed with marketing of the Property, with reasonable accommodation regarding the scheduling of viewings of the Property, for religious observances of the Debtor and his family. The Chapter 7 Trustee can apply for use of a lockbox should access become a problem.

10.     In the event of the Debtor's case being re-converted to a Chapter 7 bankruptcy and the Chapter 7 Trustee markets the Property due to the Debtor's default on any of the terms of the within Order, the Debtor shall waive the right to receive a homestead exemption from the sale proceeds.

Page    5
Debtor:  Michael Moshe Cohen
Case No. 23-10086(SLM)
Order Conditionally Converting Case To Chapter 13; Denying Chapter 7 Trustee's Motion to
Approve Sale of Real Property; And Granting Related Relief

_____

11.     In the event of the Debtor's case being re-converted to a Chapter 7 bankruptcy, and the Chapter 7 Trustee markets the Property,  due to the Debtor's default on any of the terms of the within Order, NOH shall be allowed to e-file a fee application seeking the full amount of all attorney fees billed and out-of-pocket costs, with a credit for any payments paid through the Debtor's Chapter 13 Plan.

12.     In the event of the Debtor's case being re-converted to a Chapter 7 bankruptcy, and the Chapter 7 Trustee markets the Property, due to the Debtor's default on any of the terms of the within Order, the Chapter 7 Trustee shall be allowed to seek the statutory commission under the Bankruptcy Code with a credit for payments paid through the Debtor's Chapter 13 Plan, if applicable.

13.     In the event a Chapter 7 Trustee, finds it necessary to apply to the Court for a lockbox because of lack of cooperation and/or problems accessing the Property, the Debtor shall be responsible for reasonable attorney fees and costs, subject to the Court's approval.

14.     This Court shall retain exclusive jurisdiction to interpret, implement and/or enforce this Order.

15.     The Trustee shall serve copies of this Order within seven (7) business days of its entry on the Debtor, Debtor's counsel, creditors holding secured claims and all parties-in-interest.

United States Bankruptcy Court
District of New Jersey

In re:

Michael Moshe Cohen

    Debtor

Case No. 23-10086-SLM

Chapter 13

# CERTIFICATE OF NOTICE

| District/off: 0312-2 | User: admin | Page 1 of 2 |
|---|---|---|
| Date Rcvd: Jun 24, 2024 | Form ID: pdf903 | Total Noticed: 1 |

The following symbols are used throughout this certificate:

**Symbol**      **Definition**

+      Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jun 26, 2024:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Michael Moshe Cohen, 7 Stanford Court, West Orange, NJ 07052-2023 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 26, 2024          Signature:      /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on June 24, 2024 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Aleisha Candace Jennings | on behalf of Creditor U.S. Bank N.A. ajennings@raslg.com |
| Brian Gregory Hannon | on behalf of Trustee Ilissa Churgin Hook bhannon@norgaardfirm.com amartinez@norgaardfirm.com;crose@norgaardfirm.com;kcimmino@norgaardfirm.com;dtakach@norgaardfirm.com;hannon.brian g.b124931@notify.bestcase.com |
| Cassandra C. Norgaard | on behalf of Trustee Ilissa Churgin Hook cnorgaard@norgaardfirm.com amartinez@norgaardfirm.com;184grandno@gmail.com;kcimmino@norgaardfirm.com;dtakach@norgaardfirm.com;norgaard.cass andrac.b124931@notify.bestcase.com |
| Denise E. Carlon | on behalf of Creditor U.S. Bank N.A.  as trustee, on behalf of the holders of the J.P. Morgan Mortgage Trust 2007-S3 Mortgage Pass-Through Certificates dcarlon@kmllawgroup.com, bkgroup@kmllawgroup.com |
| Geoffrey P. Neumann | |

on behalf of Debtor Michael Moshe Cohen geoff.neumann@gmail.com
timothy.neumann25@gmail.com;btassillo@aol.com;esq.geoffreypn.b127774@notify.bestcase.com

Ilana Volkov

on behalf of Creditor Pet Needs-Totowa (25 Continental Drive) LLC ivolkov@mcgrailbensinger.com

Ilana Volkov

on behalf of Creditor 20 Continental Drive  LLC. ivolkov@mcgrailbensinger.com

Ilissa Churgin Hook

Trustee@norgaardfirm.com  J116@ecfcbis.com

Ilissa Churgin Hook

on behalf of Trustee Ilissa Churgin Hook Trustee@norgaardfirm.com  J116@ecfcbis.com

John O'Boyle

on behalf of Trustee Ilissa Churgin Hook joboyle@norgaardfirm.com
amartinez@norgaardfirm.com;kcimmino@norgaardfirm.com;crose@norgaardfirm.com;dtakach@norgaardfirm.com;o'boyle.johnb
124931@notify.bestcase.com

Kenneth Borger, Jr

on behalf of Creditor U.S. Bank N.A.  as trustee, on behalf of the holders of the J.P. Morgan Mortgage Trust 2007-S3 Mortgage
Pass-Through Certificates kborger@raslg.com

Keri P. Ebeck

on behalf of Creditor Real Time Resolutions  Inc. KEBECK@BERNSTEINLAW.COM,
btemple@bernsteinlaw.com;kebeck@ecf.courtdrive.com;agilbert@bernsteinlaw.com

Milica A. Fatovich

on behalf of Trustee Ilissa Churgin Hook mfatovich@norgaardfirm.com
mfatovich@norgaardfirm.com;kcimmino@norgaardfirm.com;dtakach@norgaardfirm.com;amartinez@norgaardfirm.com

Roger Fay

on behalf of Creditor U.S. Bank N.A.  as Trustee rfay@alaw.net, bkecf@milsteadlaw.com

Roger L. Fidler

on behalf of Creditor Nancy Louise Cohen rfidler0099@aol.com

Timothy P. Neumann

on behalf of Debtor Michael Moshe Cohen timothy.neumann25@gmail.com
btassillo@aol.com;geoff.neumann@bnfsbankruptcy.com;geoff.neumann@gmail.com;neumann.timothyb127774@notify.bestcase.
com

U.S. Trustee

USTPRegion03.NE.ECF@usdoj.gov

TOTAL: 17