| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT : <br> DISTRICT OF NEW JERSEY : <br> : <br> Michael M. Cohen, *Pro Se* : <br> Homeless, Mailing Address : <br> c/o Roger Fidler, 1522 Gardner Drive : <br> Lutz, FL 33559 : <br> Tel. (917) 714-8929 : <br> Fax (201) 464-7943 : <br> : <br> : <br> : <br> : <br> In Re: : <br> : <br> Michael Moshe Cohen, : <br>            Debtor : <br> : <br> _____ : | <br><br><br><br><br><br> Case No:   23-10086-SLM <br><br> Chapter:      7 <br><br><br><br><br><br> Hearing Date: August 26, 2025, 10 a.m. <br><br> Judge:     Hon. Stacey L. Meisel |

## RESPONSE OBJECTING TO MOTION TO SELL PROPERTY FREE AND CLEAR OF LIENS UNDER SECTION 363(f)

The Debtor, Michael Moshe Cohen, *Pro Se*, objects to the proposed sale of the property located at 7 Stanford Court, West Orange, NJ for the reasons set forth herein being generally described as violating the requirement that a Trustee may only sell assets if the sale will result in meaningful distribution to unsecured creditors.  11 U.S.C.A. § 554(b)

1.     This Objection is submitted in opposition to Trustee's Motion for Authorization to sell for $525,000, the estate's interest in the real property known as 7 Stanford Court, West Orange, NJ 07052 (the "Property") free and clear of liens pursuant 11 U.S.C. 363(b) and for approval of the sale subject to higher and better offers; for relief from the 14-day stay of Fed. R. Bank. P. 6004(h); for allowance and payment of compensation to the Trustee's real estate broker pursuant to 11 U.S.C. Sec. 328(a) and 503(b)(1); permitting distribution of the Debtor's exemption in the Property, and for other related relief.

2. On August 8, 2025, Counsel to U.S. Bank, N.A. ("Secured Creditor") filed their Response to Motion to Sell Property Free and Clear of Liens Under Section 363(f). ECF 199. Therein the Secured Creditor noted the amount currently due under the terms of its lien as being $447,200.00. When combined with other amounts required to be paid at closing a deficiency in excess of $13,000 is created in the sale of the Property making the Property of value to the Bankruptcy Estate of the Debtor. See, Certification of Michael Moshe Cohen ("MCohen Cert") at ¶4. Hence the Property should be abandoned allowing the Property to be returned to the Debtor so he may bring the mortgage current through the assistance of his wife and friends. MCohen Cert. at ¶6.

3. Further, it is likely that further increases in the amount owed to the Secured Creditor will arise since Nancy Cohen, wife of Debtor, has secured a mortgage commitment allowing her to make a superior offer in the event that the property is not abandoned as it should be. Certification of Nancy Cohen at ¶3 and Exhibit 1 thereto. See, In re St. Lawrence Corp., 239 B.R. 720 (1999) 239 B.R. 720 (1999), the court approved abandonment because the property had no equity, and its carrying costs exceeded its rental income, making it burdensome to the estate (abandonment may be appropriate when the property has no equity and imposes costs on the estate). As noted in the Monthly Statement of the mortgage servicer, each month the cost to the Estate will increase by $4,456.76. Exhibits 1 and 2 to MCohen Cert. and MCohen Cert. at ¶9.

4. In addition, the cost estimates provided by the Trustee fail to mention any closing costs typically paid by the Seller which will create an even greater gap between the sale price and the costs associated with the sale which also neglects to include legal fees associated with the Trustee's sale, including the cost of this Motion and defense of the Cross Motion, if there is one.

5. Thus, the sale should not be approved for the reasons set forth above and the cross motion should be granted so the Debtor may bring the mortgage current and proceed with repairs to the residence that he and Mrs. Cohen have lived in for decades. If for some reason the court should decide not to abandon the property, then Mrs. Cohen's superior bid should be accepted in place of the inferior bid, which would provide less funds to the estate and would produce a far more equitable result.

Wherefore, Debtor respectfully requests entry of an Order denying the Trustee's Motion and for such other relief as the Court seems just and proper.

/s/ Michael Moshe Cohen
Michael Moshe Cohen, *Pro Se*
c/o Roger Fidler
1522 Gardner Drive
Lutz, FL 33559
Telephone: 917-714-8929
Email: mandncohen@gmail.com