Michael M Cohen
mmc4now@gmail.com
(917) 714-8929

U.S. BANKRUPTCY COURT
FILED
NEWARK, NJ

2025 SEP -2  P 3:38

JEANNE A. NAUGHTON
BY: _____
DEPUTY CLERK

September 2, 2025

Hon. Stacey L. Meisel
United States Bankruptcy Judge
50 Walnut Street, 3rd Floor, Courtroom 3A
Newark, New Jersey 07102

Re: In re Michael Moshe Cohen – Chapter 7
Case No. 23-10086 (SLM)

Dear Judge Meisel:

I respectfully submit this letter regarding several matters presently before the Court:

1. Trustee's Motion to Sell Property (ECF 190)
2. Letter by Timothy P. Neumann, Esq. (ECF 212)
3. Motion to Compel (ECF 196)
4. Certification of Brian Boms (ECF 204)

I apologize if this letter format is not the standard method of presenting these issues and thank the Court for its consideration.

## 1. Trustee's Motion to Sell Property (ECF 190)

The Trustee has proposed to sell my family's home, located at 7 Stanford Court, West Orange, New Jersey, for $525,000 (see ECF 190, 191). Based on my calculations, the proposed sale will not generate sufficient proceeds to satisfy the secured lienholders and will, in fact, leave the estate with negative equity, as outlined below:

- Sale Price: ........................................................................... $525,000.00
- First Mortgage Lien (per K. Borger, Esq.): ................. $476,511.51
- Second Mortgage Lien (ECF 16): ................................. $37,362.22
- Broker Fees (ECF 190): .................................................. $39,375.00
- Estimated Trustee/Attorney Fees (prior hearing): ...$27,000.00
- Estimated Closing Fees: ................................................$5,000.00

Net Result: – $60,248.73

By contrast, my wife, Nancy, and I are prepared to make a direct offer to the Trustee which will:
- Net the estate $10,000 immediately (see Exhibit 1, proof of funds);
- Eliminate the Trustee's ongoing monthly maintenance obligations (estimated at $4,000 per month); and

Michael M Cohen
mmc4now@gmail.com
(917) 714-8929

- Preserve our family home of 25 years.

This approach avoids a sale that results in a financial loss and instead provides a positive recovery for creditors.

### 2. Letter by Timothy P. Neumann, Esq. (ECF 212)

I respectfully disagree with Mr. Neumann's account. Following the fire at the property, the Fire Marshal determined on March 10, 2025, that the home was safe to enter. On or about March 11, 2025, I notified Mr. Neumann, who I believe then informed Ms. Milica A. Fatovich, Esq. (see ECF 190 at 35).
Unfortunately, Mr. Neumann did not timely file the necessary motion, which restricted my ability to file documents by September 2, 2025 (see ECF 213). I therefore respectfully request the Court's consideration of an adjournment of the September 9, 2025, hearing to allow me an opportunity to communicate further with the Trustee and other counsel to resolve issues or file additional motions as necessary.

### 3. Motion to Compel (ECF 196)

I believe the Trustee's requests for insurance information may have been directed to the wrong address. The correct address for Geico Homesite Insurance, as listed in the 24-year policy history, is:

Homesite Insurance
PO Box 9503
Fredericksburg, VA 22403-9503

I hope this clarification is helpful.

### 4. Certification of Brian Boms (ECF 204)

I respectfully disagree with several statements in Mr. Bom's certification. For example, regarding ECF 204 at 9:
- I did not object to Mr. Boms placing a lock; in fact, I assisted him in removing a special lock.
- However, he did not permit the removal of essential medical supplies required for a chronic illness. Mr. Neumann and Mr. Fidler notified the Trustee of this need.
- Access to retrieve religious supplies was only granted after a second request from Mr. Fidler, and then only on April 10, 2025—the night before Passover.

I believe these incidents reflect miscommunications or unnecessary restrictions on access, amounting to what felt like a constructive eviction.

Michael M Cohen
mmc4now@gmail.com
(917) 714-8929

Additionally, my wife's insurance agent specifically forbade her from disturbing the premises (see Exhibit C).
. This was communicated directly to Mr. Boms by the agent, by my wife, and by me.

Finally, in connection with scheduling an appraisal for a loan to fund my wife's offer, Mr. Boms did not respond until late Friday afternoon before a holiday weekend, and only after I contacted Ms. Fatovich's office. Ms. Fatovich declined to speak with me (citing the reasons noted in Item 2 above), though I left a message with her assistant.

## Conclusion

Your Honor, I respectfully ask that the Court consider directing the Trustee to accept my family's settlement proposal. This approach will provide creditors with a meaningful recovery while allowing my family to return to our home and rebuild our lives. We have endured significant hardship, and our community stands ready to support us in this effort.

Thank you for your time, consideration, and fairness in this matter.

Respectfully submitted,

Michael Moshe Cohen

Michael M Cohen
mmc4now@gmail.com
(917) 714-8929

# Exhibit A

| | Transfer Money | View Statements | Pay Business Bills [New] | Account Services & Settings |

## 0 Scheduled Transactions ⓘ

You don't have any upcoming transactions. If you scheduled a payment or transfer in the future, you will see it here.

## 11 Pending Transactions ⓘ

| DATE | DESCRIPTION | TRANSACTION TYPE | AMOUNT | BALANCE |
|---|---|---|---|---|
| SEP 02, 2025 | ELECTRIFY AMERICA | Other | -$20.00 | |
| SEP 02, 2025 | ELECTRIFY AMERICA | Other | $0.00 | |
| SEP 02, 2025 | SHOPRITE ESSEX GREEN S1 | Debit Card | -$6.37 | |

Show More

## 25 Posted Transactions ⓘ

⬇ Download Transactions

🔍 Search amount, date, check# or transaction description        ▽ Filter

| DATE | DESCRIPTION | TRANSACTION TYPE | AMOUNT | BALANCE |
|---|---|---|---|---|
| AUG 29, 2025 | Paid Check # 945 | Deposits | -$1,277.97 | $25,269.59 |

Michael M Cohen
mmc4now@gmail.com
(917) 714-8929

Exhibit B









10:04
◀ Safari

2 People

Tuesday 1:21 PM

Good afternoon I am writing you based on your filing. Please provide unfettered access to the house on a continues basis. Please provide your availability! Please note that a bee hive has been discovered in the mailbox and house.

Thank you

Tuesday 6:32 PM

Brian Boms

Good evening

My certification indicated that I gave access to the property when requested in the past so that you could (i) remove necessary items and (ii) have an insurance adjuster take an inventory of personal property in connection with Nancy's policy covering same. My certification did not say that you could have unfettered future access to the property. (I do not have that authority.) You previously represented that you removed all necessary items. You have not asked for access in two months, so

iMessage




2 People

certification did not say that you could have unfettered future access to the property. (I do not have that authority.) You previously represented that you removed all necessary items. You have not asked for access in two months, so what do you need access to the property for?

As for bee hive, noted. How did you gain access to the house to locate it inside?

Let me know a duration of time needed and I will work it into my schedule



Yesterday 9:47 PM

Good evening Brian,
Thank you for your response.
I must respectfully disagree with certain assertions contained in your email.
Access to the property is required for multiple legitimate purposes, including but not limited to: retrieval of personal belongings, appraisal, contractor entry for cleaning and restoration assessments, and the preparation of estimates. In

 iMessage 





Michael M Cohen
mmc4now@gmail.com
(917) 714-8929

# Exhibit C



# M. MILLER & SON, LLC
## PUBLIC INSURANCE ADJUSTERS
REPRESENTING THE POLICYHOLDER, *EXCLUSIVELY.*

1211 Liberty Avenue
Hillside, NJ 07205
Tel: 908-355-4800
Fax: 908-353-0697

Toll Free Nationwide:
877-M-MILLER (664-5537)
www.mmillerson.com
adjuster@mmillerson.com

Licensed and Bonded with
Affiliates Throughout
North America

Accredited Members of the
National Association of
Public Insurance Adjusters

September 2, 2025

**Re:** Nancy L. Cohen
7 Stanford Ct, West Orange, NJ 07052
**Fire loss of March 9, 2025**

To Whom It May Concern,

Please be advised that we represent Nancy Cohen with regard to a fire loss at the above referenced property. At the present time, it is imperative that all fire, water and smoke damage household contents remain in the premises undisturbed until we have a formal settlement agreement with the interested insurance companies.

There are currently two carriers we are engaging and working with in order to determine loss damage, and values. It is our hope and expectation that we will resolve the open claims within a 30-day period.

Please do not hesitate to contact me if I can be of further assistance.

Sincerely,

Michael A. Miller
Principal
michael@mmillerson.com
MM/em

1