*Michael M. Cohen*
*mmc4now@gmail.com*
*(917) 714-8929*

January 5, 2026

FILED
JEANNE A. NAUGHTON, CLERK
JAN 12 2026
U.S. BANKRUPTCY COURT
BY _____ NEWARK, N.J.
DEPUTY

The Honorable Stacey L. Meisel

United States Bankruptcy Judge

50 Walnut Street, 3rd Floor, Courtroom 3A

Newark, New Jersey 07102


Re: *In re Michael Moshe Cohen*

Chapter 7 Case No. 23-10086 (SLM)


Dear Judge Meisel:

I respectfully submit this letter to request that the Court direct the Chapter 7 Trustee to release the real property located at 7 Stanford Court, West Orange, New Jersey (the "Property"), either through abandonment under 11 U.S.C. § 554(b) or by approving its sale back to my wife and me for $10,000. The undisputed economics of this case establish that continued administration of the Property cannot provide any meaningful distribution to unsecured creditors and is therefore inconsistent with controlling bankruptcy law.

As reflected in the Trustee's proposed sale (ECF 190), after satisfaction of secured liens, broker commissions, administrative expenses, and ongoing carrying costs, the sale produces no net recovery for unsecured creditors and, in fact, results in a shortfall to the estate. Under these circumstances, continued marketing or retention of the Property does not advance the core purpose of Chapter 7, which is liquidation for the benefit of unsecured creditors, not the indefinite administration of fully encumbered assets.

Section 554(b) of the Bankruptcy Code expressly authorizes the Court to compel abandonment of property that is burdensome or of inconsequential value and benefit to the estate. Courts within the Third Circuit have consistently applied this principle. In *In re Myers*, 491 F.3d 120 (3d Cir. 2007), the Court of Appeals emphasized that estate administration must be guided by whether property provides a real, tangible benefit to the

**Michael M. Cohen**
**mmc4now@gmail.com**
**(917) 714-8929**

---

estate, and not by speculative or theoretical value. Similarly, in *In re Wilson*, 94 B.R. 886 (Bankr. E.D. Pa. 1988), the court ordered abandonment where liquidation would not produce a meaningful dividend for unsecured creditors, noting that trustees should not administer property solely because it remains technically property of the estate.

Within this District, courts have repeatedly recognized that abandonment is appropriate where administration serves no economic purpose. In *In re DiDario*, 232 B.R. 311 (Bankr. D.N.J. 1999), the court held that property should be abandoned when its administration confers no meaningful benefit on unsecured creditors and merely generates additional costs. That reasoning directly applies here, where the Trustee's own sale proposal confirms the absence of unsecured creditor benefit.

Courts have also cautioned that Chapter 7 trustees may not retain property indefinitely in the hope that market conditions might improve. Section 704(a)(1) requires trustees to collect and reduce property to money and to close the estate as expeditiously as is compatible with the best interests of parties in interest. In *In re Rambo*, 297 B.R. 418 (Bankr. E.D. Pa. 2003), the court explained that a trustee should not function as a foreclosure or market timing agent for secured creditors when unsecured creditors receive no meaningful distribution. Likewise, in *In re KVN Corp., Inc.*, 514 B.R. 1 (B.A.P. 9th Cir. 2014), the court emphasized that holding fully encumbered property absent a meaningful unsecured recovery is disfavored, a principle that courts in this Circuit have consistently echoed.

While I recognize that each case turns on its specific facts, the principles applied by courts in this District, including decisions issued by this Court, reflect a consistent rule. Trustees should either liquidate promptly when liquidation benefits unsecured creditors or abandon property when it does not. Continued retention based on speculative future appreciation is not a proper exercise of Chapter 7's fiduciary duties.

In this case, I have proposed a practical and creditor focused alternative. My wife and I have offered to pay the Trustee $10,000 in exchange for the purchase of the Property. This proposal provides immediate, concrete value to the estate, creates a distribution where none otherwise exists, eliminates ongoing maintenance and administrative expenses, and allows the estate to move toward prompt closure. By contrast, continued administration of the Property produces delay, expense, and no unsecured creditor recovery.

*Michael M. Cohen*
*mmc4now@gmail.com*
*(917) 714-8929*

_____

For these reasons, I respectfully request that the Court direct the Trustee to release the Property from further administration, either by abandonment under 11 U.S.C. § 554(b) or by approving its sale back to us for $10,000. This outcome is consistent with Third Circuit authority, precedent from this District, and the statutory mandate that Chapter 7 estates be administered efficiently and for the benefit of unsecured creditors.

Thank you for the Court's time and consideration.

Respectfully submitted,

Michael Cohen