**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
Michael Cohen
Tel: (917) 714-8929
Email: mmc4now@gmail.com

*Pro Se*

| | |
|---|---|
| In Re: | Case No. 23-10086-SLM |
| **MICHAEL MOSHE COHEN,** | |
| Debtor. | Chapter 7 |
| | Hon. Stacey L. Meisel, U.S.B.J. |

**DEBTOR'S OBJECTION TO CHAPTER 7 TRUSTEE'S MOTION TO SELL REAL PROPERTY;
SUBMISSION OF CONTINGENT HIGHER AND BETTER OFFERS;
OPPOSITION TO WAIVER OF FED. R. BANKR. P. 6004(h);
AND REQUEST FOR SUPPLEMENTAL AND ALTERNATIVE RELIEF**

Michael Moshe Cohen (the "Debtor"), appearing pro se, respectfully submits this objection

to the Chapter 7 Trustee's Motion to Sell Real Property (the "Motion"), and in support

thereof states as follows:

**A. Economic Benefit to the Estate and Sound Business Judgment**

The Trustee seeks approval of a third-party sale of the Property pursuant to 11 U.S.C. §

363(b). Based on the Trustee's own calculations, after payment of secured liens, broker

commissions, and related transaction costs, the proposed sale will generate estimated net

proceeds of approximately **$35,038.52** for the bankruptcy estate.

In response to, and expressly contingent upon, the Court's determination that the Trustee's proposed third-party contract constitutes a valid and enforceable offer capable of approval under Section 363(b), the Debtor and his non-debtor spouse, Nancy Cohen approval, the Debtor and his non-debtor spouse, Nancy Cohen submit a **$40,000 all-cash offer** to purchase the estate's interest in the Property. This offer exceeds the Trustee's projected net recovery by a material margin, provides immediate and unconditional liquidity upon approval, eliminates financing and closing risk, and avoids further transactional costs and delay.

In evaluating a proposed sale under Section 363(b), courts do not focus on gross purchase price but on whether the transaction represents the highest and best offer based on net economic benefit to the estate. Bankruptcy courts in this District consistently apply this standard, approving transactions that maximize net value even where the nominal purchase price is lower. *In re Diplomat Constr., Inc.*, 481 B.R. 215, 218 to 220 (Bankr. D.N.J. 2012). The Third Circuit has made clear that bankruptcy courts must ensure that a sale maximizes value and reflects a sound exercise of business judgment. *In re Abbotts Dairies of Pa., Inc.*, 788 F.2d 143, 147 to 149 (3d Cir. 1986). Courts in this District have repeatedly approved competing offers where the economic reality demonstrated a superior net recovery to the estate. *In re TCI 2 Holdings, LLC*, 428 B.R. 117, 143 (Bankr. D.N.J. 2010).

The fact that the Debtor's $40,000 offer is contingent does not undermine its validity. Bankruptcy courts routinely consider responsive or contingent offers where the contingency is procedural rather than economic and where it is tied to the court's determination of whether a competing transaction is itself capable of approval. *In re Weatherly Frozen Food Group, Inc.*, 149 B.R. 480, 483 (Bankr. N.D. Ohio 1992). Here, the

contingency protects the estate and the Court by ensuring that the Debtor's offer becomes operative only if the Trustee's proposed sale is first determined to be valid and enforceable.

In addition, and only in the alternative, if the Court determines that the Trustee's proposed third-party contract is not valid, not enforceable, or will not consummate, the Debtor and his non-debtor spouse Nancy Cohen submit a **$10,000 all-cash offer** to purchase the estate's interest in the Property. This alternative offer provides immediate value to the estate where a third-party sale cannot be completed and prevents further erosion of estate value through ongoing administrative expense, delay, and property carrying costs. Bankruptcy courts approve such fallback transactions where they represent a reasonable exercise of business judgment under uncertain sale conditions. *In re Lionel Corp.*, 722 F.2d 1063, 1071 (2d Cir. 1983).

Approval of either of the Debtor's offers, depending on the procedural posture of the Trustee's proposed sale, also preserves the family residence in which the Debtor and his spouse have resided for approximately **twenty-five years**, a home maintained and paid for through their combined financial contributions. Bankruptcy courts may consider equitable and practical consequences where creditor recoveries are preserved or enhanced, and courts in this District recognize broad equitable authority to prevent unnecessary hardship where doing so does not impair creditors. *In re Hric*, 208 B.R. 21, 26 (Bankr. D.N.J. 1997).

Where a buyback yields a higher net recovery, reduces litigation and administrative risk, and avoids unnecessary displacement, approval is consistent with Section 363(b), the Trustee's fiduciary obligations, and governing Third Circuit precedent.

**B. The Trustee's Request for Relief From the Fourteen-Day Stay Under Rule 6004(h) Should Be Denied**

The Trustee seeks relief from the automatic fourteen-day stay imposed by Federal Rule of Bankruptcy Procedure 6004(h). That request should be denied.

Rule 6004(h) exists to preserve due process and appellate rights and to prevent irreversible transactions while objections or competing offers remain pending. *In re Polaroid Corp.*, 611 F.3d 438, 440 (8th Cir. 2010). Courts deny waiver of the stay where unresolved issues exist concerning value, competing offers, or the integrity of the sale process. *In re Energy Future Holdings Corp.*, 904 F.3d 298, 315 (3d Cir. 2018).

Here, a higher and better offer is before the Court, material objections remain unresolved, and the evidentiary record is incomplete. Immediate closing would risk irreparable prejudice and is neither necessary nor appropriate.

**C. The Proposed Contract of Sale Is Defective, Exceeds the Trustee's Authority, and Is Supported by an Incomplete Record**

**(1) Improper Inclusion of Non-Debtor Interests and Non-Estate Property**

Sections 9 and 10 of the proposed Contract of Sale purport to affect the rights and interests of Nancy Cohen, who is not a debtor in this bankruptcy case. A Chapter 7 trustee may sell only property of the estate under 11 U.S.C. § 541(a) and lacks authority to convey, bind, or impair the interests of a non-debtor absent consent and joinder. *In re Hiles*, 440 B.R. 493, 498 (Bankr. E.D. Pa. 2010).

Contracts that purport to transfer or affect non-estate property exceed the trustee's statutory authority and are unenforceable. *In re Daugherty*, 261 B.R. 735, 740 (Bankr. M.D. Fla. 2000). The proposed contract is therefore legally defective in its present form.

By way of illustration only, and without limitation, the proposed contract fails to exclude non-estate personal property owned by Nancy Cohen and other non-debtor family members, including but not limited to: three refrigerators, one stand-up freezer, a dishwasher, washing machine, dryer, a whole-house tankless water heater, a chandelier, interior and exterior camera systems, an electric vehicle charger and associated hardwired equipment, programmed electrical control systems, specified personalized electrical lighting installations, and other household systems, fixtures, and equipment. Inclusion or implied conveyance of such property underscores that the proposed contract exceeds the scope of estate property and cannot be approved as drafted.

**(2) Failure to Disclose Accepted and Rejected Contract Revisions Renders the Record Incomplete**

In addition to the substantive defect above, the Trustee has failed to provide a complete record identifying which contractual revisions proposed during negotiations were accepted and which were rejected. As a result, the Debtor and other parties in interest cannot evaluate the actual terms of the agreement presented for approval.

Approval of a sale under Section 363(b) requires a clear and complete evidentiary record demonstrating the material terms of the transaction and the trustee's exercise of sound business judgment. *In re Montgomery Ward Holding Corp.*, 242 B.R. 147, 153 (D. Del. 1999). Where the record is incomplete or ambiguous, approval is premature. *In re Wilde Horse Enters., Inc.*, 136 B.R. 830, 842 (Bankr. C.D. Cal. 1991).

The Third Circuit has emphasized that bankruptcy courts must have sufficient disclosed information to independently evaluate proposed transactions and fiduciary decision-making, and that trustees bear the burden of creating an adequate record for judicial

review. *In re Abbotts Dairies of Pa., Inc.*, 788 F.2d at 149. Absent disclosure of which proposed revisions were accepted or rejected, that standard cannot be met.

**(3) Failure to Disclose Material Communications With Lienholders and the Purchaser Further Undermines the Sale Record**

The sale record is further deficient because the Trustee has not produced the full communications between herself and the second mortgage holder, Real Time Solutions, nor has she produced all material communications between herself and the proposed purchaser.

Communications with secured creditors and purchasers concerning payoff terms, consent, objections, conditions to closing, or contract modifications are material to the Court's evaluation of a proposed sale under Section 363(b). Trustees have an affirmative duty to disclose information necessary to permit meaningful review by the Court and parties in interest. *In re Marvel Entm't Group, Inc.*, 140 F.3d 463, 471 (3d Cir. 1998).

The Third Circuit has repeatedly stressed that transparency and full disclosure are essential to the integrity of the bankruptcy process and to the Court's oversight of fiduciaries. *In re United Healthcare Sys., Inc.*, 396 F.3d 247, 252 to 253 (3d Cir. 2005). Where material communications bearing on lien treatment or purchaser conditions are withheld, the Court lacks a reliable basis to evaluate enforceability, feasibility, and the Trustee's exercise of business judgment.

Until the Trustee produces the complete communication record with Real Time Solutions and the proposed purchaser, meaningful review of lien resolution, contract enforceability, and likelihood of consummation is impaired. Approval of the proposed sale should therefore be denied or, at a minimum, adjourned pending supplementation of the record.

**D. Any Sale Order Must Provide a Minimum Sixty-Day Period for Removal of Personal Property, Including Necessary Debris Removal**

If the Court approves any sale of the Property, the Debtor respectfully requests that the Sale Order include a minimum sixty-day post-closing period to remove personal property.

Although the Trustee permitted limited access by appointment, she expressly refused to permit debris removal while pursuing insurance claims. As a practical matter, debris removal is a necessary prerequisite to retrieving substantial personal property. Many items cannot be accessed or safely moved unless fire-damaged debris is first cleared.

By way of example, a large breakfront located in the dining room cannot be removed unless debris from both the kitchen and dining room is cleared. Similar conditions exist throughout the Property, where personal property remains obstructed by damaged materials that the Trustee prohibited from being removed during the insurance investigation.

Bankruptcy courts routinely grant extended post-sale access where trustee-imposed restrictions or property conditions prevent meaningful retrieval of personal property. *In re DeGroot*, 484 B.R. 311, 319 (Bankr. N.D. Ind. 2012); *In re Clark*, 266 B.R. 163, 171 (Bankr. N.D. Okla. 2001). This Court possesses broad equitable authority to fashion such relief to prevent undue forfeiture and hardship. *In re Hric*, 208 B.R. at 26.

**WHEREFORE**

The Debtor respectfully requests that the Court:

1. Deny approval of the Trustee's proposed sale as presently structured;

2. Approve the Debtor's and his non-debtor spouse, Nancy Cohen $40,000 contingent all-cash offer as the higher and better offer, subject to the Court's determination that the Trustee's third-party contract is valid and enforceable;

3. In the alternative, approve the Debtor's and his non-debtor spouse, Nancy Cohen $10,000 all-cash offer if the Trustee's proposed sale is not valid or does not consummate;

4. Deny relief from Federal Rule of Bankruptcy Procedure 6004(h);

5. Find the proposed Contract of Sale defective and the evidentiary record incomplete; and

6. Require any sale order to provide a minimum sixty-day period for removal of personal property, including debris removal necessary to access such property.

Dated: January 22, 2026

Respectfully submitted,

Michael Moshe Cohen
Debtor, Pro Se

Exhibit A



THE FACE OF THIS DOCUMENT HAS A COLORED BACKGROUND ON WHITE PAPER. IF COPIED THE WORD "VOID" WILL ALSO APPEAR.

**Capital One Bank**

64-487
1111

## CASHIER'S CHECK

DATE 01/27/2026

ISSUING REGION

BRANCH LIVINGSTON NJ

BRANCH DID

RTY THOUSAND DOLLARS AND 00 CENTS

PAY TO THE ORDER OF  ILISA CHURGIN HOOK CHAPTER 7 TRUSTEE

$ 40,000.00

Drawer: Capital One, N.A.

AUTHORIZED SIGNATURE

RE  Michael Cohen

Read the reverse side for important information on the reissuance of lost, destroyed, or stolen cashier's check.
This check may not be replaced until after the 90th day of issue.

THE BACK OF THIS DOCUMENT CONTAINS AN ARTIFICIAL WATERMARK - HOLD AT AN ANGLE TO VIEW

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

Caption in compliance with D.N.J. LBR 9004-1(b)
Michael Cohen
Tel: (917) 714-8929
Email: mmc4now@gmail.com

*Pro Se*

| | |
|---|---|
| In Re:<br><br>MICHAEL MOSHE COHEN,<br>      Debtor. | Case No. 23-10086-SLM<br><br>Chapter 7<br><br>Hon. Stacey L. Meisel, U.S.B.J. |

**CERTIFICATION OF SERVICE**

I, Michael Moshe Cohen, hereby certify that on this date I served a true and correct copy of the Debtor's Objection to Trustee's Motion to Sell Real Property, together with all exhibits and certifications, by first-class mail upon:

**By First Class Mail**

Milica A. Fatovich, Esq.
Norgaard, O'Boyle & Hannon
184 Grand Avenue
Englewood, NJ 07631

Office of the United States Trustee
One Newark Center, Suite 2100
Newark, NJ 07102

Kenneth J. Borger, Esq.
Robertson, Anschutz, Schneid, Crane & Partners, PLLC
130 Clinton Road, Lobby B, Suite 202
Fairfield, NJ 07004

U.S. Bank N.A.
c/o Roger Fay, Esquire
Albertelli Law
14000 Commerce Parkway, Suite H
Mount Laurel, NJ 08054-2242

Real Time Resolutions, Inc.
c/o Keri P. Ebeck
601 Grant Street, 9th Floor
Pittsburgh, PA 15219-4430

**By Email**

Roger L. Fidler, Esq

I certify under penalty of perjury that the foregoing is true and correct.

Dated: January 26, 2026

Michael Cohen
*Pro Se*

UNITED STATES BANKRUPTCY COURT
**DISTRICT OF NEW JERSEY**

Caption in compliance with D.N.J. LBR 9004-1(b)
Michael Cohen
Tel: (917) 714-8929
Email: mmc4now@gmail.com

*Pro Se*

In Re:

MICHAEL MOSHE COHEN,
      Debtor.

Case No. 23-10086-SLM

Chapter 7

Hon. Stacey L. Meisel, U.S.B.J.

**ORDER DENYING OR ADJOURNING TRUSTEE'S MOTION TO SELL REAL PROPERTY; ADDRESSING COMPETING OFFERS. AND GRANTING ALTERNATIVE AND SUPPLEMENTAL RELIEF**

This matter having come before the Court on the Chapter 7 Trustee's Motion to Sell Real Property pursuant to 11 U.S.C. § 363(b); and the Court having considered the papers submitted, the record of the case, and the arguments of the parties; and for the reasons stated on the record; and for good cause shown;

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. The Trustee's Motion to Sell Real Property is **DENIED WITHOUT PREJUDICE**, or in the alternative **ADJOURNED**, due to deficiencies in the proposed Contract of Sale and the incompleteness of the evidentiary record presented to the Court.

2. The Court finds that the proposed Contract of Sale, as presently drafted, purports to affect interests of non-debtor parties and non-estate property, exceeding the scope of the Trustee's authority under 11 U.S.C. § 541(a).

3. The Court further finds that the record is incomplete, including but not limited to the Trustee's failure to disclose:

   o which proposed contractual revisions were accepted or rejected during negotiations, and

   o the complete record of material communications between the Trustee and the second mortgage holder, Real Time Resolutions, Inc., as well as between the Trustee and the proposed purchaser.

4. In the event the Court determines that the Trustee's proposed third-party contract constitutes a valid and enforceable offer capable of approval under 11 U.S.C. § 363(b), the **$40,000 all-cash offer** submitted by Michael Moshe Cohen and non-debtor spouse Nancy Cohen is **APPROVED** as the higher and better offer based on net economic benefit to the bankruptcy estate.

5. In the alternative, and only if the Trustee's proposed third-party sale is determined to be invalid, unenforceable, or fails to consummate, the **$10,000 all-cash offer** submitted by Michael Moshe Cohen and non-debtor spouse Nancy Cohen is **APPROVED** as a reasonable exercise of business judgment under 11 U.S.C. § 363(b).

6. Any sale approved by this Court shall expressly **exclude all non-estate property,** including personal property, fixtures, systems, and equipment owned by non-debtor parties.

7. In the event any sale of the Property is approved, the Debtor and non-debtor spouse Nancy Cohen shall be afforded a minimum **sixty (60) day period following closing** to

remove personal property, including debris removal reasonably necessary to access

such property.

8. The Trustee's request for relief from the fourteen-day stay imposed by Federal Rule of

Bankruptcy Procedure 6004(h) is **DENIED**.

9. The Court retains jurisdiction to interpret and enforce this Order.

**SO ORDERED.**

Dated: _____, 2026

HON. STACEY L. MEISEL
United States Bankruptcy Judge