UNITED STATES BANKRUPTCY COURT

**DISTRICT OF NEW JERSEY**

Michael Cohen

Tel: (917) 714-8929

Email: mmc4now@gmail.com

*Pro Se*

| | |
|---|---|
| In Re: | Case No. 23-10086-SLM |
| **MICHAEL MOSHE COHEN,** | |
| Debtor. | Chapter 7 |
| | Hon. Stacey L. Meisel, U.S.B.J. |

### DEBTOR'S SUPPLEMENTAL MEMORANDUM IN FURTHER OPPOSITION TO CHAPTER 7 TRUSTEE'S MOTION TO SELL REAL PROPERTY

Michael Moshe Cohen, appearing pro se, respectfully submits this Supplemental

Memorandum in Further Opposition to the Chapter 7 Trustee's Motion to Sell Real Property

(the "Motion"), and states as follows:

**E. The Trustee's Net Proceeds Analysis Is Materially Inaccurate Due to the Omission**

**of Trustee and Professional Fees**

The Trustee asserts that the proposed third-party sale of the Property will generate

approximately $35,038.52 in net proceeds for the bankruptcy estate. That assertion is

materially inaccurate because the Trustee failed to include her statutory commission and

her attorney's professional fees in the calculation.

In prior filings and hearings in this case, the Trustee represented that her fees and the fees of her counsel related to the administration of the Property would exceed $40,000. These fees are not speculative. Trustee commissions under 11 U.S.C. § 326(a) and professional fees under 11 U.S.C. § 330 are administrative expenses entitled to priority under 11 U.S.C. § 503(b) and must be included in any net proceeds analysis presented to the Court.

The Third Circuit requires bankruptcy courts to independently evaluate whether a proposed sale reflects sound business judgment and maximizes value for the estate. In re Abbotts Dairies of Pa., Inc., 788 F.2d 143, 147–49 (3d Cir. 1986). Courts applying this standard focus on the true net economic benefit, not partial calculations that omit inevitable administrative costs. In re Diplomat Constr., Inc., 481 B.R. 215, 218–20 (Bankr. D.N.J. 2012).

Where trustee compensation and professional fees are excluded from the analysis, courts have found that the trustee failed to meet her burden under Section 363(b) because the court cannot determine whether unsecured creditors will receive any meaningful distribution. In re Riverside Inv. P'ship, 674 F.2d 634, 640 (7th Cir. 1982).

Courts have further held that a sale that fails to generate proceeds sufficient to satisfy secured claims and administrative expenses is presumptively improper. In re KVN Corp., Inc., 514 B.R. 1, 6–7 (9th Cir. BAP 2014). When the omitted trustee and professional fees are properly included here, the Trustee's proposed sale produces no net benefit to the estate and likely results in an administrative deficit.

By contrast, the Debtor's pending cash offers provide immediate and measurable value without further administrative erosion, satisfying the business judgment standard required by Section 363(b).

**F. Insurance Proceeds May Not Be Used to Subsidize an Uneconomic Sale or to Fund Trustee and Professional Fees Without Disclosure and Court Approval**

The Trustee has represented that she received insurance proceeds arising from a claim on the Property and that those proceeds formed the basis for her negotiations with the second mortgage holder, Real Time Resolutions, Inc. The Trustee has not disclosed the amount of those proceeds, any restrictions governing their use, or whether they have been applied to administrative or professional fees.

Insurance proceeds derived from damage to estate property generally constitute property of the estate under 11 U.S.C. § 541(a)(6). In re Edgeworth, 993 F.2d 51, 55 (5th Cir. 1993). However, the existence of insurance proceeds does not permit a trustee to mask the economic deficiencies of a proposed sale by using those proceeds to subsidize administrative expenses.

Courts have held that estate funds, including insurance proceeds, may not be used to justify or support transactions that do not independently satisfy the business judgment standard under Section 363(b). In re LTV Steel Co., 288 B.R. 775, 780 (Bankr. N.D. Ohio 2002).

Moreover, where insurance proceeds are implicated in lien negotiations or casualty loss resolution, their use is subject to heightened scrutiny. Trustees may not divert such proceeds to pay trustee commissions or professional fees absent clear disclosure, court approval, and a demonstrated benefit to the estate. In re McLean Indus., Inc., 132 B.R. 271, 286 (Bankr. S.D.N.Y. 1991).

The Third Circuit has emphasized that full disclosure is essential to the integrity of the bankruptcy process and the Court's oversight of fiduciaries. In re United Healthcare Sys., Inc., 396 F.3d 247, 252–53 (3d Cir. 2005). Without disclosure of the gross amount of

insurance proceeds received, any restrictions governing their use, and how they have been applied, the Court lacks a sufficient record to approve the proposed sale or to authorize the use of those proceeds to fund administrative expenses.

I. Supplemental Relief Requested

Based on the foregoing, the Debtor respectfully requests that the Court:

1. Deny approval of the Trustee's proposed sale due to the failure to present an accurate net proceeds analysis;

2. Require the Trustee to file a sworn supplemental accounting identifying:

3. Trustee commissions and professional fees incurred or anticipated,

4. The gross amount of insurance proceeds received,

5. Any restrictions governing the use of such proceeds, and

6. Any application of insurance proceeds to administrative or professional expenses;

and

Grant such other and further relief as the Court deems just and proper.

Dated: January 27, 2026

Respectfully submitted,

**Michael Moshe Cohen**
Debtor, Pro Se