**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEW JERSEY**

Michael Cohen

Tel: (917) 714-8929

Email: mmc4now@gmail.com

*Pro Se*

| | |
|---|---|
| In Re:<br><br>**MICHAEL MOSHE COHEN,**<br><br>       Debtor. | Case No. 23-10086-SLM<br><br>Chapter 7<br><br>Hon. Stacey L. Meisel, U.S.B.J. |

**DEBTOR'S FORMAL OBJECTION TO TRUSTEE'S REQUEST FOR ADJOURNMENT
AND REQUEST FOR APPROVAL OF DEBTOR'S CASH PURCHASE**

Michael Moshe Cohen, pro se, respectfully submits this Objection to the Chapter 7 Trustee's request for adjournment of the hearing on the Trustee's Motion to Sell Real Property, and in support thereof states as follows:

**A. The Trustee's Request for Adjournment Confirms the Sale Is Not Ripe**

The Trustee seeks an adjournment on the grounds that she lacks proof of funds from the proposed purchaser and that insurance issues remain unresolved. A trustee bears the burden of demonstrating that a proposed sale is ready for approval. In re Abbotts Dairies of Pa., Inc., 788 F.2d 143, 147 to 149 (3d Cir. 1986). Where material terms remain unresolved, approval is premature. In re Montgomery Ward Holding Corp., 242 B.R. 147, 153 (D. Del. 1999).

**B. The Requested Adjournment Prejudices Competing Cash Offers**

The adjournment prejudices the fully funded cash offers submitted by the Debtor and his spouse. Allowing delay permits retroactive curing of deficiencies and undermines the integrity of the Section 363 process. In re Weatherly Frozen Food Group, Inc., 149 B.R. 480, 483 (Bankr. N.D. Ohio 1992); In re Diplomat Constr., Inc., 481 B.R. 215, 218 to 220 (Bankr. D.N.J. 2012).

## C. Issues Should Have Been Resolved Before Filing

The Trustee was required to resolve proof of funds and insurance matters before filing the sale motion. Trustees must proceed with transparency and preparedness. In re United Healthcare Sys., Inc., 396 F.3d 247, 252 to 253 (3d Cir. 2005).

## D. Debtor's Cash Purchase Is Ready for Approval

The Debtor's cash purchase is the only transaction presently capable of immediate approval and satisfies Section 363(b). In re Abbotts Dairies of Pa., Inc., 788 F.2d at 149.

WHEREFORE

The Debtor respectfully requests that the Court deny the Trustee's adjournment request and approve the purchase of the Property by Michael Moshe Cohen and Nancy Cohen non debtor spouse, or grant such other relief as the Court deems just.

Dated: January 30, 2026

Respectfully submitted,

Michael Moshe Cohen
Debtor, Pro Se

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEW JERSEY**

Caption in compliance with D.N.J. LBR 9004-1(b)

Michael Cohen

Tel: (917) 714-8929

Email: mmc4now@gmail.com

*Pro Se*

| | |
|---|---|
| In Re:<br><br>MICHAEL MOSHE COHEN,<br>　　　Debtor. | Case No. 23-10086-SLM<br><br>Chapter 7<br><br>Hon. Stacey L. Meisel, U.S.B.J. |

## ORDER DENYING OR ADJOURNMENT AND GRANTING ALTERNATIVE AND SUPPLEMENTAL RELIEF

This matter having come before the Court on the Chapter 7 Trustee's Motion to Sell Real Property pursuant to 11 U.S.C. § 363(b); and the Court having considered the papers submitted, the record of the case, and the arguments of the parties; and for the reasons stated on the record; and for good cause shown;

**IT IS HEREBY ORDERED AS FOLLOWS:**

1.  ORDERED that the Trustee's request for adjournment is DENIED; and it is further.

2.  ORDERED that the purchase of the Property by Michael Moshe Cohen and Nancy Cohen is APPROVED pursuant to 11 U.S.C. § 363(b); and it is further

3.  ORDERED that the Trustee is authorized and directed to consummate the sale; and it is further:

4. ORDERED that the Court retains jurisdiction to enforce this Order.

**SO ORDERED.**

Dated: _____, 2026

HON. STACEY L. MEISEL

United States Bankruptcy Judge