UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in compliance with D.N.J. LBR 9004-1(b)**
NORGAARD, O'BOYLE & HANNON
184 Grand Avenue
Englewood, NJ  07631
(201) 871-1333
Counsel to Chapter 7 Trustee, Ilissa Churgin Hook
By: Milica A. Fatovich
    mfatovich@norgaardfirm.com

Order Filed on February 19, 2026
by Clerk,
U.S. Bankruptcy Court
District of New Jersey

Chapter 7 (Reconverted)

In re:

MICHAEL MOSHE COHEN,

Case No.: 23-10086(SLM)

Hearing Date: Feb. 17, 2026 at 2:30 pm

Debtor.

**REVISED ORDER RESOLVING CHAPTER 7 TRUSTEE'S MOTION FOR AN ORDER: (I) AUTHORIZING SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS AND INTERESTS PURSUANT TO BANKRUPTCY CODE SEC. 363(b) AND (f) AND FOR APPROVAL OF SUCH SALE SUBJECT TO HIGHER AND BETTER OFFERS; (II) FOR RELIEF FROM THE 14-DAY STAY OF FED. R. BANKR. P. 6004(h); (III) FOR ALLOWANCE AND PAYMENT OF COMPENSATION TO REALTOR; (IV) FOR ABANDONMENT OF THE ESTATE'S INTEREST IN NON-EXEMPT PERSONAL PROPERTY; AND (V) FOR RELATED RELIEF**

The relief set forth on the following pages, numbered two (2) through five (5) hereby ORDERED.

**DATED: February 19, 2026**

Honorable Stacey L. Meisel
United States Bankruptcy Judge

Page    2
Debtor:  Michael Moshe Cohen
Case No. 23-10086(SLM)
Revised Order Resolving Chapter 7 Trustee's Motion For An Order: (I) Authorizing Sale Of Real Property Free And Clear Of Liens And Interests Pursuant To Bankruptcy Code Sec. 363(b) And (f) And For Approval Of Such Sale Subject To Higher And Better Offers; (II) For Relief From The 14-Day Stay Of Fed. R. Bankr. P. 6004(h); (III) For Allowance And Payment Of Compensation To Realtor; (IV) For Abandonment Of The Estate's Interest In Non-Exempt Personal Property; And (V) For Related Relief

_____

THIS MATTER has come to the attention of the Court upon the motion of Ilissa Churgin Hook, the duly appointed Chapter 7 Trustee (the "Trustee") for the bankruptcy estate of Michael Moshe Cohen (the "Debtor") in the above-captioned matter, for an order authorizing the Trustee's sale of the real property known as 7 Stanford Court, West Orange, NJ 07052 (the "Property") to David Mizrahi and/or assignees, including any assignees to be formed by him (the "Purchaser"), for relief from the 14-day stay of Fed. R. Bankr. P. 6004(h), for allowance of compensation to the realtor and for permission to pay the same at closing; for abandonment of the estate's interest in non-exempt personal property; and for related relief (the "Motion"); and the Debtor appearing *pro se* in opposition to the Motion and to offer a competing bid on the Property; and Brian Boms, the dual disclosed real estate agent appearing as a representative of the Purchaser; and the Trustee, at the Court's instruction, conducting an auction off the record and then reporting the results of same to the Court on the record; and the Court then questioning the parties on the record regarding the results of the auction; and notice of the Motion and hearing having been provided to all creditors and parties-in-interest; and the Debtor having offered the highest bid; and the parties having placed

Page    3
Debtor:  Michael Moshe Cohen
Case No. 23-10086(SLM)
Revised Order Resolving Chapter 7 Trustee's Motion For An Order: (I) Authorizing Sale Of Real Property Free And Clear Of Liens And Interests Pursuant To Bankruptcy Code Sec. 363(b) And (f) And For Approval Of Such Sale Subject To Higher And Better Offers; (II) For Relief From The 14-Day Stay Of Fed. R. Bankr. P. 6004(h); (III) For Allowance And Payment Of Compensation To Realtor; (IV) For Abandonment Of The Estate's Interest In Non-Exempt Personal Property; And (V) For Related Relief

_____

the terms of the Debtor's bid on the record; and for good cause shown

IT IS ORDERED as follows:

1.      The Debtor's bid in the total amount of $65,200.00 for the estate's interest in the Property, is accepted as the highest and best offer, subject to the terms herein. The Debtor's bid is only a bid on the estate's interest in the Property and does not include an interest in any other asset of the bankruptcy estate, including but not limited to the Trustee's insurance claim(s) relating to the March 8, 2025 fire at the Property or any insurance proceeds paid in connection thereto.

2.      The Debtor having tendered to the Trustee cashier's checks totaling $60,000.00 on the record, must pay the balance of his bid ($5,200.00) via wire transfer to the Trustee's account or by cashier's check no later than 5:00 pm on Thursday February 19, 2026.

3.      The Trustee acknowledges receipt of a cashier's check in the amount of $5,200.00 on Wednesday February 18, 2026.

4.      Once the Trustee receives the total amount of the Debtor's bid in good funds, and these funds clear the Trustee's account, she shall issue a Chapter 7 Trustee's Deed to the Debtor, or his successors or assigns, on or before March 3, 2026. The Debtor shall be responsible for filing the Deed with the appropriate County Clerk and any costs related thereto.

5.      The Debtor shall advise the Trustee in writing if he wishes the Trustee to issue a Trustee's Deed: (i) solely to him; (ii) to an assignee; or (iii) jointly to the Debtor and a third party.

Page    4
Debtor:  Michael Moshe Cohen
Case No. 23-10086(SLM)
Revised Order Resolving Chapter 7 Trustee's Motion For An Order: (I) Authorizing Sale Of Real Property Free And Clear Of Liens And Interests Pursuant To Bankruptcy Code Sec. 363(b) And (f) And For Approval Of Such Sale Subject To Higher And Better Offers; (II) For Relief From The 14-Day Stay Of Fed. R. Bankr. P. 6004(h); (III) For Allowance And Payment Of Compensation To Realtor; (IV) For Abandonment Of The Estate's Interest In Non-Exempt Personal Property; And (V) For Related Relief

_____

6.     The sale of the Property authorized herein is made by a Trustee in bankruptcy and is therefore exempt from any realty transfer tax under N.J.S.A. 46:15-5 et seq. and the Bulk Sales Act.

7.     The Trustee's transfer of the estate's interest in the Property to the Debtor, or his successors or assigns, is subject to all valid liens, claims and encumbrances on the Property including but not limited to: (i) the first mortgage in favor of U.S. Bank N.A., as trustee, on behalf of the holders of the J.P. Morgan Mortgage Trust 2007-S3 Mortgage Pass-Through Certificates (the "Secured Creditor"); and (ii) the second mortgage of Real Time Resolutions Inc. as agent for Bank of America, N. A. ("Real Time") as modified by the entered January 14, 2026 Stipulation And Consent Order Modifying Claim Number 24 Of Real Time Solutions, As Agent For Bank Of America, N.A. (the "Stipulation")[Doc. No. 248].

8.     As stated on the record at the hearing on the Motion, the Trustee's realtor, Brian Boms of Stark & Stark, LLC, is allowed a quantum merit compensation in the amount of $22,700.00, which the Trustee shall be authorized to pay upon completion of the transfer of the estate's interest in the Property to the Debtor or his successors or assigns.

Page    5
Debtor:  Michael Moshe Cohen
Case No. 23-10086(SLM)
Revised Order Resolving Chapter 7 Trustee's Motion For An Order: (I) Authorizing Sale Of Real Property Free And Clear Of Liens And Interests Pursuant To Bankruptcy Code Sec. 363(b) And (f) And For Approval Of Such Sale Subject To Higher And Better Offers; (II) For Relief From The 14-Day Stay Of Fed. R. Bankr. P. 6004(h); (III) For Allowance And Payment Of Compensation To Realtor; (IV) For Abandonment Of The Estate's Interest In Non-Exempt Personal Property; And (V) For Related Relief

_____

9.    As stated on the record at the hearing on the Motion, the Debtor waives any objection to ~~the quantum merit~~ **^ any** compensation to the Trustee's realtor, Brian Boms of Stark & Stark, **^ whatsoever** LLC.

10.    This Court shall retain exclusive jurisdiction to interpret, implement and/or enforce this Order.

11.    The Trustee's counsel shall serve copies of this Order within three (3) business days of its entry on all parties-in-interest, including all parties that filed a Notice of Appearance, and all parties served with this Motion.