# NORGAARD, O'BOYLE & HANNON

(A TRADE NAME OF GARY K. NORGAARD, PC)

### COUNSELLORS AT LAW

GARY K. NORGAARD† (ret.)
JOHN O'BOYLE
KARL J. NORGAARD†
BRIAN G. HANNON†
CASSANDRA C. NORGAARD†

_____

ANTHONY E. HOPE†
MARK E. NORGAARD†

_____

WILLIAM H. SCHMIDT of counsel
ILISSA CHURGIN HOOK of counsel †
MILICA A. FATOVICH of counsel

**184 GRAND AVENUE**
**ENGLEWOOD, NEW JERSEY 07631-3507**
Telephone (201) 871-1333
Facsimile (201) 871-3161

____

810 ASBURY AVENUE, SUITE 206
OCEAN CITY, NEW JERSEY 08226
Telephone No. (609) 439-4070
Facsimile (609) 439-4280
By Appointment Only

____

1025 WESTCHESTER AVENUE, SUITE 215
WHITE PLAINS, NEW YORK 10604
By Appointment Only

Senders Direct Email:
mfatovich@norgaardfirm.com

† NJ & NY Bars

**www.norgaardfirm.com**

**PLEASE REPLY TO**
**ENGLEWOOD OFFICE**

February 24, 2026

**VIA ECF**
Honorable Stacey L. Meisel
United States Bankruptcy Court
Martin Luther King, Jr. Federal Building
50 Walnut Street
Newark, NJ 07102

> **Re:**   **In re Michael Moshe Cohen**
> **Ch. 7 Case No. 23-10086(SLM)**
> **Chapter 7 Trustee's Limited Objection to Debtor's Motion for**
> **Reconsideration**
> **Hearing: March 3, 2026 at 10:00 a.m.**

Dear Judge Meisel:

This firm represents Ilissa Churgin Hook, Esq. the Chapter 7 trustee (the "Trustee") for the estate of Michael Moshe Cohen (the "Debtor") in the subject Chapter 7 bankruptcy proceeding. Please accept this Letter Objection in lieu of a more formal Limited Objection by the Trustee to the Debtor's Motion For Reconsideration And For Approval Of Debtor's Offer (the "Debtor's Motion") [Doc. No. 256] filed by the Debtor *pro se* in response to the Trustee's prior request for an adjournment of the Trustee's Motion For An Order (I) Authorizing Sale Of Real Property Free And Clear Of Liens And Interests Pursuant To Bankruptcy Code Sec. 363(b) And (f) And For

1

Approval Of Such Sale Subject To Higher And Better Offers; (II) For Relief From The 14-Day Stay Of Fed. R. Bankr. P. 6004(h); (III) For Allowance And Payment Of Compensation To Realtor; (IV) For Abandonment Of Personal Property; And (V) For Related Relief (the "Third Sale Motion") [Doc. Nos. 241 to 241-3], which is incorporated by reference herein, seeking the Court's authorization to sell the Debtor's real property located at 7 Stanford Court, West Orange,  7 Stanford Court, West Orange, NJ 07052 (the "Property") to third party David Mizrahi and/or assignees, including any assignees to be formed by him (the "Purchaser"), with the hearing originally scheduled on February 3, 2026.  It is the Trustee's position that the Debtor's Motion is moot and should be denied in its entity.

On January 6, 2026, the Trustee, through her counsel, e-filed the Third Sale Motion and the related Notice of Proposed Private Sale [Doc. No. 242]. The Debtor filed several pleadings in opposition to the Third Sale Moton. *See* Doc. Nos. 245, 250 and 251. On or about January 30, 2026, the Trustee's counsel submitted a contested request for an adjournment of the Third Sale Motion, noting that "Debtor, who filed objections, is available on 2/17 but has not taken a position on the adjournment request."  The Trustee and her counsel were unaware that the Debtor filed Debtor's Formal Objection To Trustee's Request For Adjournment And Request For Approval Of Debtor's Cash Purchase (the "Debtor's Objection to Adj.) [Doc. No. 254]. The Trustee and her counsel were unaware that the Debtor subsequently submitted an objection until it was docketed by the Clerk's Office. The Court adjourned the Third Sale Motion to February 17, 2026 at 2:30 pm. *See* Doc. No. 253.

On February 3, 2026, the Debtor filed the Debtor's Motion, which reiterated his objection to the previously granted adjournment, argued various points of his previously submitted Objection to the Third Sale Motion and sought to compel the Trustee's sale of the Property to the Debtor.

2

On February 17, 2026, the Trustee and her counsel appeared in person before the Court on the Third Sale Motion. The Debtor also appeared in person *pro se* in opposition to the Third Sale Motion, and to offer a competing bid on the Property. Brian Boms, the dual disclosed real estate agent appeared on his own behalf and as a representative of the Purchaser. The Trustee, at the Court's instruction, conducting an auction off the record. The Trustee and her counsel reported the results of this auction to the Court, that the Debtor offered the highest bid, on the record. The Court then questioned the parties on the record regarding the results of the auction and confirming certain points, and the matter was marked as "Revised Order to be submitted."

On February 18, 2026, pursuant to the Court's instructions, the Trustee's counsel emailed to chambers, with copies to the Trustee, the Debtor and counsel, a Proposed Revised Order Resolving The Chapter 7 Trustee Motion For An Order (I) Authorizing Sale Of Real Property Free And Clear Of Liens And Interests Pursuant To Bankruptcy Code Sec. 363(b) And (f) And For Approval Of Such Sale Subject To Higher And Better Offers; (II) For Relief From The 14-Day Stay Of Fed. R. Bankr. P. 6004(h); (III) For Allowance And Payment Of Compensation To Realtor; (IV) For Abandonment Of Personal Property; And (V) For Related Relief (the "Revised Order"). On February 19, 2026, the Court entered the Revised Order (with a minor revision to the terms of Paragraph 9). The Trustee's counsel served copies of the February 19, 2026 Revised Order on all parties.

The Debtor's Motion sought the Court's reconsider of the prior adjournment of the Third Sale Motion. However, the Debtor participated fully at the hearing on the Third Sale Motion, which the Court determined on its merits. The Debtor's motion also, improperly, sought to compel the Trustee to accept an offer for the Property contained in a prior Objection to the Third Sale Motion, which is relief that should have been brought via a cross-motion. It is the Trustee's position that

the Debtor's Motion is moot because (i) the underlying sale motion hearing was already held on

February 17, 2026; and (ii) the Debtor was the successful bidder.

Based upon the above, all of the pleadings previously filed as well as the record made in

this case, the Trustee respectfully requests that the Court mark the Debtor's Motion as moot and/or

denied in its entirety.

Respectfully submitted,

Norgaard, O'Boyle & Hannon
Counsel for the Chapter 7 Trustee
Ilissa Churgin Hook, Esq.

By:    /s/ Milica A. Fatovich, Esq.
Milica A. Fatovich, Esq.

4