UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in compliance with D.N.J. LBR 9004-1(b)**

**MICHAEL MOSHE COHEN**
7 Stanford Court,
West Orange, New Jersey 07052
(917) 714-8929 | MMC4NOW@gmail.com

Debtor,

*Pro Se*

| | |
|---|---|
| In Re: | Case No.: ___23-10086-SLM___ |
| MICHAEL MOSHE COHEN, | Chapter: ___7 (Reconverted)___ |
| *Debtor.* | Adv. No.: _____ |
| | Hearing Date: July 28, 2026, 10:00 AM |
| | Judge: Hon. Stacey L Meisel |

## JOINDER AND LIMITED OBJECTION OF MICHAEL MOSHE COHEN, PRO SE, TO THE CHAPTER 7 TRUSTEE'S MOTION UNDER FED. R. BANKR. P. 9019(a) (DOC. 288)

Michael Moshe Cohen, the Debtor, appearing pro se, joins the objection of Nancy L. Cohen to the extent applicable to him, and files this limited objection to the Trustee's motion under Federal Rule of Bankruptcy Procedure 9019(a) (Doc. 288, the "Motion"). He states:

### THE OBJECTION IS NARROW

The Debtor does not contest the amount of the settlement, $282,930.79, and does not ask the Court to disturb the compromise between the Trustee and the Insurer. The Debtor also does not assert any homestead exemption in the Property or the proceeds; he acknowledges that he waived his exemption under the June 24, 2024, Order. His objection is limited to one phrase in

the proposed Order: the decretal language stating that the Debtor is not entitled to assert "an interest in the Settlement Amount" (Doc. 288-4).

## ARGUMENT

### I. The proposed Order decides an interest question the settlement agreement reserves.

The Motion's own papers separate two distinct propositions. The Application states that the Debtor "does not hold an interest in the Trustee's Claim," and, separately, that because he waived his exemption he "is not entitled to assert an exemption in the insurance proceeds" (Doc. 288-1). The proposed Order fuses these into a single, broader decree: that the Debtor is not entitled to assert "any exemption in or an interest in the Settlement Amount" (Doc. 288-4). The waiver of a homestead exemption is not the same as the absence of any interest in the insurance proceeds, and the Order's leap from the former to the latter decides a question that need not be decided to approve the settlement. The sale proceeding did not decide these interests: when the Debtor raised the insurance proceeds and the absence of a Rule 9019 motion at the sale hearing, the Court directed that the insurance was not before it and confined argument to the sale. February 17, 2026, hearing transcript at 7.

### II. The decree contradicts Paragraph 6 of the settlement it approves.

The settlement agreement provides, in Paragraph 6, that it does not "determine, or adjudicate any rights, claims, liens, priorities, or distributions as among the Estate, the Debtor, mortgagees, lienholders, creditors, or any other non-party" (Doc. 288-3, para. 6), and Paragraph 4 confines the release to the Estate. Special counsel's certification confirms the reservation, stating that the releases are limited to matters between the Trustee and the Insurer "while expressly reserving rights as to non-parties, including mortgagees, lienholders, creditors, and

others" (Doc. 288-2, para. 9). The Debtor also joins Nancy L. Cohen's objection to the Motion's description of the Trustee as an "additional insured" (Doc. 288-1, para. 1; Doc. 288-2, para. 4; Doc. 288-3, Recital C), which the Motion's own "Interested Party" reference (Doc. 288-1, para. 14) and the policy declarations contradict; the parties' actual status on the policy bears on the reserved question of competing interests. The Debtor's interest, if any, in the Settlement Amount is therefore reserved by the agreement. A proposed Order that decrees the Debtor has no such interest is inconsistent with the agreement it approves. The Debtor does not ask the Court to decide his interest now; he asks only that the Court not decide it against him on a settlement approval motion that, by its own terms, reserves it.

The estate, moreover, takes only the Debtor's interest, and no greater, and it holds insurance proceeds subject to the state-law and contractual rights of others; the proceeds are not free estate funds. See *Butner v. United States*, 440 U.S. 48 (1979); *In re Jones*, 179 B.R. 450, 455 (Bankr. E.D. Pa. 1995); *In re Tower Air, Inc.*, 397 F.3d 191, 196 (3d Cir. 2005); *In re Turnbull*, 350 B.R. 429, 433 (N.D. Ill. 2006). The personal property destroyed in the fire also included belongings of non-parties, including the Debtor's three adult children, whose interests Paragraph 6 likewise reserves. That the Order could be read to affect persons not before the Court is a further reason it should not adjudicate interests in the proceeds.

The Trustee cannot have it both ways. If the Debtor truly holds no interest in the Settlement Amount, the decretal finding to that effect is unnecessary to approve the compromise and should be omitted. If instead the finding is meant to operate, it adjudicates the Debtor's interest in the proceeds, which Paragraph 6 of the settlement the Court is asked to approve expressly reserves and does not determine. The Trustee drafted both the reservation and the decree; she cannot obtain a settlement that reserves the parties' competing interests and, in the

same order, decide them against the Debtor. And the estate loses nothing by the omission: the estate remains entitled to its actual interest in the proceeds, subject to the competing interests that the settlement and the governing law preserve. The Debtor asks only that the reserved question stay reserved.

The Debtor further notes that the Motion's anticipated distribution to unsecured creditors (Doc. 288-1, paras. 19, 20, 23) rests on the premise that the proceeds are free of the first mortgagee's interest, a premise the substitute collateral doctrine places in genuine doubt. See *In re Tower Air, Inc.,* 397 F.3d 191, 196 (3d Cir. 2005); *In re Turnbull,* 350 B.R. 429, 433 (N.D. Ill. 2006). The Trustee, moreover, sold the estate's interest in the Property subject to the first mortgage (Doc. 288-1, para. 19); selling subject to the lien did not release it, and a lien preserved in the sale follows the proceeds that substitute for the insured loss. That unresolved question is a further reason the proceeds should be held and segregated, and the Order should not adjudicate interests in them.

The Debtor's objection likewise does not depend on the first mortgagee. Whether Select Portfolio Servicing asserts a claim to the proceeds, waives it, or does not appear, the Debtor's interest in the Settlement Amount, as a current owner of the encumbered Property with an interest in its restoration, is his own and is reserved by Paragraph 6. A mortgagee's decision not to pursue its claim does not convert the proceeds into unencumbered estate funds and does not enlarge the estate's interest beyond what it actually holds; it cannot supply the predicate for a decretal finding that the Debtor has no interest in the Settlement Amount. The Debtor's narrow request, that the words "or an interest in the Settlement Amount" be struck and the Settlement Amount held and segregated, is therefore warranted whether or not the first mortgagee appears.

The first mortgage confirms that the proceeds are not unencumbered estate funds. Section 5 of the first mortgage, dated April 2, 2007, and preserved by the September 1, 2017, Lien Modification, directs insurance proceeds to restoration or repair of the Property where economically feasible, or otherwise to the sums secured, and it caps the mortgagee's claim to the proceeds at the amount unpaid under the note. The instrument nowhere routes proceeds to general unsecured creditors, and the Estate took the Trustee's claim subject to these contractual terms. *Butner v. United States,* 440 U.S. 48 (1979). The policy carries the standard mortgage clause the mortgage requires: under Section I, Condition 12 of the HO 00 03 04 91 form, any loss payable under Coverage A or B is paid to the mortgagee and the named insureds as interests appear. The Debtor is a named insured under the policy. The Debtor does not seek payment of the proceeds to the mortgagee, and he does not ask the Court to determine now how the proceeds should ultimately be applied. He asks only that the fund be preserved and that the Order not decree away an interest the settlement itself reserves.

The Debtor does not claim to have purchased the Trustee's insurance claim. The Sale Order provides that the Debtor's bid was only a bid on the estate's interest in the Property and did not include the Trustee's insurance claim relating to the March 8, 2025, fire or any insurance proceeds paid in connection with it (Doc. 262, para. 1). The Debtor accepts that. Paragraph 1, however, defines the scope of what the Debtor purchased. It is not a release and not a waiver, and it does not extinguish rights the Debtor holds independently of the sale, including his rights as a named insured under the policy. Waiver is the intentional relinquishment of a known right, and nothing in paragraph 1 purports to relinquish anything. Whatever interest the Debtor retains is expressly reserved by Paragraph 6 of the settlement agreement, and the proposed Order should not adjudicate it on a settlement approval motion.

### III. The remedy is narrow.

The Debtor requests only that the words "or an interest in the Settlement Amount" be struck from the proposed Order, leaving intact the approval of the compromise and the recital regarding the exemption waiver, which the Debtor does not contest, and that the Settlement Amount be held and segregated pending a proper determination of the competing interests in the proceeds. So conformed, the Order approves the settlement without adjudicating reserved rights.

### IV. Controlling standard and request for findings.

Approval of a compromise under Rule 9019 turns on whether the bargain is fair to the estate, *In re Martin,* 91 F.3d 389, 393 (3d Cir. 1996); it is not the occasion to adjudicate the Debtor's interest in the proceeds, which Paragraph 6 reserves. To the extent the Court is inclined to enter the interest adjudication language over this objection, the Debtor requests findings of fact and conclusions of law under Federal Rule of Bankruptcy Procedure 9014(c) and 7052, incorporating Federal Rule of Civil Procedure 52(a), and preserves all issues for review, including an offer of proof.

### RELIEF REQUESTED

The Debtor respectfully requests that the Court: (i) approve only the compromise of the Trustee's Claim with the Insurer in the amount of $282,930.79, if it is inclined to approve the settlement; (ii) strike from the proposed Order the words "or an interest in the Settlement Amount"; (iii) direct that the Settlement Amount be held and segregated pending a determination of competing interests; and (iv) grant such other relief as is just, with all of the Debtor's rights reserved.

**EXHIBITS**

The Debtor submits no separate exhibits. The Debtor relies on the record in this case,

including the Sale Order (Doc. 262) and the Order addressing conversion and exemptions (Doc.

128), and adopts the exhibits to the objection of Nancy L. Cohen filed herewith.

Dated: July 14, 2026

Respectfully submitted,

Michael Moshe Cohen
Debtor, Pro Se

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in compliance with D.N.J. LBR 9004-1(b)**

**MICHAEL MOSHE COHEN**
7 Stanford Court,
West Orange, New Jersey 07052
(917) 714-8929 | MMC4NOW@gmail.com

Debtor,

*Pro Se*

In Re:

MICHAEL MOSHE COHEN,

               *Debtor.*

Case No.:  __23-10086-SLM__

Chapter:  __7 (Reconverted)__

Adv. No.:  _____

Hearing Date: July 28, 2026, 10:00 AM

Judge: Hon. Stacey L Meisel

### CERTIFICATION OF MICHAEL MOSHE COHEN IN SUPPORT OF JOINDER AND LIMITED OBJECTION TO THE CHAPTER 7 TRUSTEE'S MOTION UNDER FED. R. BANKR. P. 9019(a) (DOC. 288)

I, Michael Moshe Cohen, of full age, certify as follows:

1. I am the Debtor in this case and appear pro se. I submit this certification in support of my Joinder and Limited Objection to the Chapter 7 Trustee's motion under Federal Rule of Bankruptcy Procedure 9019(a) (Doc. 288). The facts set forth below are within my personal knowledge.

2. I am a named insured under Homesite Homeowners Policy No. 32580542 covering the property at 7 Stanford Court, West Orange, New Jersey 07052 (the Property).

3. At the sale held on February 17, 2026, I purchased the bankruptcy estate's interest in the Property. Title was conveyed by the Trustee's deed to me and my wife, Nancy L. Cohen, as tenants by the entirety. I do not claim to have owned the Property before that deed.

4. I acknowledge that my bid was only a bid on the estate's interest in the Property and did not include the Trustee's insurance claim or any insurance proceeds relating to the fire, as stated in Paragraph 1 of the Sale Order (Doc. 262). I do not claim to have purchased that claim.

5. I acknowledge that I waived any homestead exemption in the Property under the June 24, 2024, Order (Doc. 128). I do not assert any exemption in the Property or in the settlement proceeds.

6. A fire occurred at the Property on March 8, 2025. Personal property inside the home was damaged or destroyed. That personal property included belongings of mine and my wife, and belongings of our three adult children, who kept personal property in the home.

7. I do not contest the amount of the settlement, $282,930.79. My objection is limited: I ask that the words "or an interest in the Settlement Amount" be struck from the proposed Order, and that the settlement proceeds be held and segregated pending a determination of the competing interests in them.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. 28 U.S.C. Section 1746.

Dated: July 14, 2026

Michael Moshe Cohen
Debtor, Pro Se

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>**MICHAEL MOSHE COHEN**<br>7 Stanford Court,<br>West Orange, New Jersey 07052<br>(917) 714-8929 \| MMC4NOW@gmail.com<br><br>Debtor,<br><br>*Pro Se* | |
| In Re:<br>MICHAEL MOSHE COHEN,<br><br>       *Debtor.* | |

| | |
|---|---|
| Case No.: | 23-10086-SLM |
| Chapter: | 7 (Reconverted) |
| Adv. No.: | |
| Hearing Date: | July 28, 2026, 10:00 AM |
| Judge: | Hon. Stacey L Meisel |

## CERTIFICATION OF SERVICE

1. I, <u>Michael Cohen</u>

 ☐ represent _____ in this matter.

 ☐ am the secretary/paralegal for _____, who represents

 _____ in this matter.

 X am the <u>Debtor, Pro Se</u> in this case and am representing myself.

2. On <u>July 14, 2026</u>, I sent a copy of the following pleadings and/or documents to the parties listed in the chart below.

a. Joinder to Objection of Nancy L. Cohen to the Chapter 7 Trustee's Motion under Fed. R. Bankr. P. 9019(a) (Doc. 288), with Exhibits A through C;

b. Certification of Michael Moshe Cohen in support of the Objection; and

c. Alternative Proposed Order.

3. I certify under penalty of perjury that the above documents were sent using the mode of service indicated.

Date: <u>July14, 2026</u>    Signature _____

| Name and Address of Party Served | Relationship of Party to the Case | Mode of Service |
| --- | --- | --- |
| See Attached List | | ☐ Hand-delivered<br><br>☐ Regular mail<br><br>☐ Certified mail/RR<br><br>☐ Other _____<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
| Ilissa Churgin Hook, Esq.,<br>Chapter 7 Trustee<br>NORGAARD, O'BOYLE & HANNON<br>184 Grand Avenue<br>Englewood, NJ 07631 | | ☐ Hand-delivered<br><br>X Regular mail<br><br>☐ Certified mail/RR<br><br>☐ Other _____<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
| Milica A. Fatovich Esq.,<br>NORGAARD, O'BOYLE & HANNON<br>184 Grand Avenue<br>Englewood, NJ 07631 | | ☐ Hand-delivered<br><br>X Regular mail<br><br>☐ Certified mail/RR<br><br>☐ Other _____<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
| Kenneth J. Borger, Esq.<br>Nathalie Rodriguez, Esq.<br>Robertson, Anschutz, Schneid, Crane & Partners, PLLC<br>130 Clinton Road,<br>Lobby B, Suite 202<br>Fairfield, NJ 07004 | | ☐ Hand-delivered<br><br>X Regular mail<br><br>☐ Certified mail/RR<br><br>☐ Other _____<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
| D. Ross, Esq.<br>Bernstein-Burkley, P.C.<br>601 Grant Street,<br>9th Floor<br>Pittsburgh, PA 15219 | | ☐ Hand-delivered<br><br>X Regular mail<br><br>☐ Certified mail/RR<br><br>☐ Other _____<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |

**VIA REGULAR MAIL:**

Ilissa Churgin Hook, Esq.,
Chapter 7 Trustee
NORGAARD. O'BOYLE & HANNON
184 Grand Avenue
Englewood, NJ 07631

Milica A. Fatovich Esq.,
NORGAARD, O'BOYLE & HANNON
184 Grand Avenue
Englewood, NJ 07631

Office of the United States Trustee
One Newark Center,
Suite 2100
Newark, NJ 07102

Kenneth J. Borger, Esq.
Nathalie Rodriguez, Esq.
Robertson, Anschutz, Schneid, Crane & Partners, PLLC
130 Clinton Road,
Lobby B, Suite 202
Fairfield, NJ 07004

D. Ross, Esq.
Bernstein-Burkley, P.C.
601 Grant Street,
9th Floor
Pittsburgh, PA 15219

AFICS on Behalf of Homesite Insurance Company
Attn.: Joseph Zaleski, CPCU, AIC
Lead Adjuster - Large Loss Claims Department
6000 American Parkway
Madison, WI 53783-0001

**VIA E-MAIL:**

Roger L. Fidler
Law Offices of Roger L. Fidler
1522 Gardner Drive,
Lutz, Florida 33559-3305
Rfidler0099@aol.com