UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in compliance with D.N.J. LBR 9004-1(b)**

**MICHAEL MOSHE COHEN**
7 Stanford Court,
West Orange, New Jersey 07052
(917) 714-8929 | MMC4NOW@gmail.com

Debtor,

*Pro Se*

| In Re: | |
|---|---|
| MICHAEL MOSHE COHEN, | Case No.: __23-10086-SLM___ |
| . *Debtor.* | Chapter: ___7 (Reconverted)___ |
| | Adv. No.: _____ |
| | Hearing Date: July 28, 2026, 10:00 AM |
| | Judge: Hon. Stacey L Meisel |

### SUR-REPLY OF MICHAEL MOSHE COHEN, PRO SE, TO THE CHAPTER 7 TRUSTEE'S REPLY (DOC. 300), AND REQUEST FOR LEAVE TO FILE

**REQUEST FOR LEAVE**

The Debtor respectfully requests leave to file this short sur-reply. The Chapter 7 Trustee's Reply (Doc. 300) was filed on July 24, 2026, four days before the hearing, and raises for the first time an argument under 11 U.S.C. Section 552 that was not presented in the moving papers. The Debtor is pro se and has no ECF access. This sur-reply is limited to the new matter and to the narrowing of issues, and does not repeat the arguments in his Joinder and Limited Objection (Doc. 298).

**PRELIMINARY STATEMENT**

The parties are closer than the Reply suggests. No party contests the settlement amount. The Trustee's Reply asks this Court to confirm that the order approving the settlement does not determine or adjudicate any lien, priority, or distribution rights, all of which are expressly reserved (Doc. 300, Conclusion, para. 3). That is precisely the relief the Debtor requested. The

only remaining gap is that the Trustee's proposed Order still decrees that the Debtor is not entitled to assert "an interest in the Settlement Amount" (Doc. 288-4). The Court should enter an order that matches the Trustee's own stated position.

## I. The Reply concedes the relief the Debtor requested, and the proposed Order should be conformed to it.

The Trustee now asks the Court to "[c]onfirm that the Settlement Agreement and order approving it do not determine or adjudicate any lien, priority, or distribution rights in the settlement proceeds, all of which are expressly reserved" (Doc. 300, Conclusion, para. 3). She states that the 9019 Motion "does not determine who, as between the estate, the mortgagee, any co-debtors, or other parties, is ultimately entitled to the settlement proceeds" (Doc. 300, para. 2), and that lien and distribution disputes "can be adjudicated in a subsequent, properly noticed motion or adversary proceeding" (Doc. 300, para. 9).

The Debtor agrees with each of those statements. They cannot be reconciled with a decretal finding that the Debtor holds no interest in the Settlement Amount. If nothing is adjudicated, the clause is unnecessary. If the clause operates, something is adjudicated. The Debtor asks only that the words "or an interest in the Settlement Amount" be struck, leaving intact the recital regarding the exemption waiver, which the Debtor does not contest.

## II. Section 552 is a reason to preserve the fund, not a reason to distribute it.

The Trustee's new argument under 11 U.S.C. Section 552 is a merits argument about who is ultimately entitled to the proceeds. The provision she invokes is Section 552(b)(1), which extends a pre-petition security interest to post-petition proceeds "to the extent provided by such security agreement and by applicable nonbankruptcy law, except to any extent that the court, after notice and a hearing and based on the equities of the case, orders otherwise." 11 U.S.C. Section 552(b)(1). Section 552(b)(2) addresses rents and payments for the use or occupancy of rooms and other public facilities in hotels, motels, and other lodging properties; it is not the proceeds provision.

By its own terms, then, the outcome turns on three things: what the governing security agreement provides, what applicable non-bankruptcy law provides, and a determination by this Court, after notice and a hearing, based on the equities of the case. None of the three is before the

Court on this motion. The governing security instrument, the mortgage dated April 2, 2007, contains an insurance covenant at Section 5 that the Reply does not address, and that instrument appears on this Court's docket only as an exhibit to a motion that has since been withdrawn (Doc. 280-2, Exhibit pages 12 to 13 of 36; Doc. 295). No hearing on the equities has been noticed. And the Trustee herself states that these issues should be decided later, in a properly noticed motion or adversary proceeding (Doc. 300, paras. 9, 19, 29). The Debtor takes no position here on how that determination should come out.

New Jersey law, which Section 552(b)(1) makes an element of the Trustee's own test, is not a single rule. It is a fact-bound framework that turns on whether the mortgagee's security is impaired, whether the loan is in default, and what the governing instrument provides. See 495 Corp. v. N.J. Ins. Underwriting Ass'n, 86 N.J. 159, 163 (1981) (a standard mortgage clause is an independent agreement between the insurer and the mortgagee); Gen. G.M.C. Sales, Inc. v. Passarella, 195 N.J. Super. 614, 621 (App. Div. 1984), aff'd o.b., 101 N.J. 12 (1985) (a mortgagee may apply proceeds to the debt in the absence of an agreement to the contrary giving the owner the right to rebuild); Starkman v. Sigmond, 184 N.J. Super. 600, 610 (Ch. Div. 1982) (impairment of the security is the governing consideration); Employers' Fire Ins. Co. v. Ritter, 112 N.J. Eq. 418, 420 to 421 (Ch. 1933) (owner and mortgagee are two beneficiaries with distinct rights). Applying that framework requires a record about the instrument, the impairment, and the parties' respective interests. The Debtor does not ask this Court to reach it, and takes no position on the outcome.

An argument that requires notice, a hearing, and an equitable determination cannot be resolved on a settlement approval motion, and it does not become resolved by silence. The practical consequence is the opposite of what the Reply suggests: because the entitlement question is genuinely open and expressly reserved, the fund should be preserved intact until it is decided. The Debtor does not ask this Court to decide Section 552 now, and does not concede the Trustee's reading of it. He asks that the proceeds be held and segregated so that the reserved question remains capable of being answered.

The relief requested is the conservative course, not an extraordinary one. New Jersey courts confronting competing claims to fire insurance proceeds have held and safeguarded the fund pending a determination rather than distributing it. See Starkman v. Sigmond, 184 N.J.

Super. 600, 613 to 614 (Ch. Div. 1982) (proceeds placed in escrow under the control of both sides pending determination of the parties' rights), following Fergus v. Wilmarth, 117 Ill. 542, 7 N.E. 508, 510 (1886) (the fund was neither applied to the mortgage debt nor paid over, but held); see also Cottman Co. v. Continental Trust Co., 169 Md. 595, 182 A. 551, 554 (1936) (fund to be safeguarded as to its application). This Court has already used that approach in this case, directing at the September 9, 2025 hearing that cash be "held in escrow until the Court decides it."

### III. The objections are procedurally proper.

The Trustee suggests that the objections are "procedurally defective" because the asserted interests should have been raised by separate motion or cross-motion (Doc. 300, introduction). A motion to approve a compromise under Rule 9019 is a contested matter governed by Federal Rule of Bankruptcy Procedure 9014, and a party in interest may object to the relief requested. The Debtor sought no affirmative relief. He asked the Court to decline to enter one clause of a proposed order and to preserve a fund. That is the ordinary office of an objection, not a disguised motion. The Trustee also responded to the merits, and no party has been prejudiced.

### IV. The Trustee's representation that the settlement excludes personal property and loss of use should be reflected in the order.

The Reply states that the Trustee "specially left out any loss of personal property or loss of use of the Property in the claim filed with the Insurer" (Doc. 300, para. 33), and describes the Trustee's claim as relating to damage to the physical structure, diminished sale price, administrative expenses, and wrongful denial of claims (Doc. 300, para. 30). Consistent with Paragraph 4 of the settlement agreement, which releases the Insurer on behalf of the Bankruptcy Estate only, the Debtor respectfully requests that the order reflect that the settlement does not resolve, release, or impair any claim for loss of personal property or loss of use under the Policy. That language costs the estate nothing, follows directly from the Trustee's own representation, and prevents a later dispute about what this settlement did and did not resolve.

### V. Waiver of an exemption is not the absence of an interest.

The Trustee argues that the Debtor "fails to elaborate what actual claim under Bankruptcy Code he would have other than the exemption that he previously waived" (Doc. 300, para. 37).

The Debtor is not required to prove the extent of his interest in order to resist a decree extinguishing it on a motion that, by its own terms, reserves it. His status as a named insured under Policy No. 32580542 appears on the policy declarations. Whether that status ultimately yields any recovery is the reserved question, and the Debtor asks only that it stay reserved. The Debtor reiterates that he does not claim to have purchased the Trustee's insurance claim (Doc. 262, para. 1), asserts no exemption, and does not contest the settlement amount.

## RELIEF REQUESTED

The Debtor respectfully requests that the Court: (i) approve the compromise in the amount of $282,930.79; (ii) strike from the proposed Order the words "or an interest in the Settlement Amount"; (iii) include a decretal paragraph confirming that the Order does not determine or adjudicate any lien, priority, or distribution rights in the proceeds, consistent with Paragraph 6 of the settlement agreement and with the Trustee's Reply; (iv) include a decretal paragraph confirming that the settlement does not resolve, release, or impair claims for loss of personal property or loss of use, consistent with Doc. 300, para. 33; (v) direct that the Settlement Amount be held and segregated pending determination of the competing interests; and (vi) grant such other relief as is just, with all rights reserved.

Dated: July 24, 2026
Respectfully submitted,

Michael Moshe Cohen
Debtor, Pro Se
7 Stanford Court, West Orange, NJ 07052

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)

**MICHAEL MOSHE COHEN**
7 Stanford Court,
West Orange, New Jersey 07052
(917) 714-8929 | MMC4NOW@gmail.com

Debtor,

*Pro Se*

In Re:
MICHAEL MOSHE COHEN,

                        *Debtor.*

| | |
|---|---|
| Case No.: | 23-10086-SLM |
| Chapter: | 7 (Reconverted) |
| Adv. No.: | |
| Hearing Date: | July 28, 2026, 10:00 AM |
| Judge: | Hon. Stacey L Meisel |

## CERTIFICATION OF SERVICE

1.     I, Michael Cohen

☐ represent _____ in this matter.

☐ am the secretary/paralegal for _____, who represents

_____ in this matter.

X am the Debtor, Pro Se_____ in this case and am representing myself.

2.     On __July 24, 2026_____, I sent a copy of the following pleadings and/or documents to the parties listed in the chart below.

Sur Reply to document 300

3.     I certify under penalty of perjury that the above documents were sent using the mode of service indicated.

Date: __July 24, 2026_____          Signature _____

| Name and Address of Party Served | Relationship of Party to the Case | Mode of Service |
|---|---|---|
| See Attached List | | ☐ Hand-delivered<br><br>☐ Regular mail<br><br>☐ Certified mail/RR<br><br>☐ Other _____<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
| Ilissa Churgin Hook, Esq.,<br>Chapter 7 Trustee<br>NORGAARD, O'BOYLE & HANNON<br>184 Grand Avenue<br>Englewood, NJ 07631 | | ☐ Hand-delivered<br><br>X Regular mail<br><br>☐ Certified mail/RR<br><br>☐ Other _____<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
| Milica A. Fatovich Esq.,<br>NORGAARD, O'BOYLE & HANNON<br>184 Grand Avenue<br>Englewood, NJ 07631 | | ☐ Hand-delivered<br><br>X Regular mail<br><br>☐ Certified mail/RR<br><br>☐ Other _____<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
| Kenneth J. Borger, Esq.<br>Nathalie Rodriguez, Esq.<br>Robertson, Anschutz, Schneid, Crane & Partners, PLLC<br>130 Clinton Road,<br>Lobby B, Suite 202<br>Fairfield, NJ 07004 | | ☐ Hand-delivered<br><br>X Regular mail<br><br>☐ Certified mail/RR<br><br>☐ Other _____<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
| D. Ross, Esq.<br>Bernstein-Burkley, P.C.<br>601 Grant Street,<br>9th Floor<br>Pittsburgh, PA 15219 | | ☐ Hand-delivered<br><br>X Regular mail<br><br>☐ Certified mail/RR<br><br>☐ Other _____<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |

**VIA REGULAR MAIL:**

Ilissa Churgin Hook, Esq.,
Chapter 7 Trustee
NORGAARD, O'BOYLE & HANNON
184 Grand Avenue
Englewood, NJ 07631

Milica A. Fatovich Esq.,
NORGAARD, O'BOYLE & HANNON
184 Grand Avenue
Englewood, NJ 07631

Office of the United States Trustee
One Newark Center,
Suite 2100
Newark, NJ 07102

Kenneth J. Borger, Esq.
Nathalie Rodriguez, Esq.
Robertson, Anschutz, Schneid, Crane & Partners, PLLC
130 Clinton Road,
Lobby B, Suite 202
Fairfield, NJ 07004

D. Ross. Esq.
Bernstein-Burkley, P.C.
601 Grant Street,
9th Floor
Pittsburgh, PA 15219

AFICS on Behalf of Homesite Insurance Company
Attn.: Joseph Zaleski, CPCU, AIC
Lead Adjuster - Large Loss Claims Department
6000 American Parkway
Madison, WI 53783-0001

**VIA E-MAIL:**

Roger L. Fidler
Law Offices of Roger L. Fidler
1522 Gardner Drive,
Lutz, Florida 33559-3305
Rfidler0099@aol.com