UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in compliance with D.N.J. LBR 9004-1(b)**

**MICHAEL MOSHE COHEN**
7 Stanford Court,
West Orange, New Jersey 07052
(917) 714-8929 | MMC4NOW@gmail.com

Debtor,

*Pro Se*

In Re:

MICHAEL MOSHE COHEN,

          *Debtor.*

Case No.: ___23-10086-SLM___

Chapter: ___7 (Reconverted)___

Adv. No.: _____

Hearing Date: July 28, 2026, 10:00 AM

Judge: Hon. Stacey L Meisel

July 27, 2026

Hon. Stacey L. Meisel
United States Bankruptcy Court, District of New Jersey

Re: In re Michael Moshe Cohen, Case No. 23-10086-SLM

Dear Judge Meisel:

I write to correct citations in my Sur-Reply, filed July 24, 2026, as Doc. 301. I have reviewed every authority cited in that filing and make these corrections on my own initiative, before any party has raised them.

First, Starkman v. Sigmond. **P**oint II cites Starkman, 184 N.J. Super. 600 (Ch. Div. 1982), at page 610 for the proposition that impairment of the mortgagee's security is a governing consideration, and at pages 613 to 614 for the proposition that a court may hold and safeguard fire insurance proceeds pending determination. The Appellate Division has disapproved that

decision. General G.M.C. Sales, Inc. v. Passarella, 195 N.J. Super. 614, 624 (App. Div. 1984) ("We disapprove of the holding in Starkman v. Sigmond."). Passarella adopted the rule of Savarese v. Ohio Farmers' Insurance Co., 260 N.Y. 45 (1932), under which a mortgagee's right to proceeds turns on the loss or damage to the insured property rather than on the sufficiency of the security after the fire.

I do not rely on Starkman for the impairment proposition. I note for completeness that in affirming Passarella, the Supreme Court declined to imply any view as to the applicability of that decision to residential property. Liberty Mut. Fire Ins. Co. v. Alexander, 374 N.J. Super. 340 (App. Div. 2005), n.1, citing Passarella, 101 N.J. 12 (1985). Starkman involved a residential dwelling, as does this case.

Second, Employers' Fire Insurance Co. v. Ritter. I withdraw that citation, together with the citations to Fergus v. Wilmarth and Cottman, which Passarella identified as minority authority. My pin cite to Passarella should be page 623, where the holding appears, rather than page 621.

The relief requested does not depend on any of these. As the Sur-Reply states, the request that the settlement proceeds be held and segregated rests on Paragraph 6 of the Settlement Agreement; on the Trustee's Reply, which asks this Court to confirm that no lien, priority, or distribution rights are adjudicated and which objects to segregation only as unnecessary rather than improper; on the Secured Creditor's request for the same relief; on the notice-and-hearing condition in 11 U.S.C. § 552(b)(1); and on this Court's own direction at the September 9, 2025 hearing that funds be held in escrow until the Court decides their disposition. I would add that in Butner v. United States, 440 U.S. 48, 57 (1979), the Supreme Court identified sequestration as

among the steps by which a bankruptcy court protects a secured creditor's state-law interest during a case.

I prepare my filings with the assistance of research tools and without counsel. That is my responsibility, not an excuse, and I would rather bring this to the Court's attention myself than have it surface at the hearing.

Respectfully submitted,
Michael Moshe Cohen, Debtor, Pro Se

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)

**MICHAEL MOSHE COHEN**
7 Stanford Court,
West Orange, New Jersey 07052
(917) 714-8929 | MMC4NOW@gmail.com

Debtor,

*Pro Se*

In Re:
MICHAEL MOSHE COHEN,

                    *Debtor.*

| | |
|---|---|
| Case No.: | 23-10086-SLM |
| Chapter: | 7 (Reconverted) |
| Adv. No.: | |
| Hearing Date: | July 28, 2026, 10:00 AM |
| Judge: | Hon. Stacey L Meisel |

## CERTIFICATION OF SERVICE

1.    I, <u>Michael Cohen</u>

☐ represent __._____ in this matter.

☐ am the secretary/paralegal for _____, who represents

_____ in this matter.

X  am the <u>Debtor, Pro Se</u>____ in this case and am representing myself.

2.    On ___July 27, 2026_____, I sent a copy of the following pleadings and/or documents to the parties listed in the chart below.

Correction to Sur Reply

3.    I certify under penalty of perjury that the above documents were sent using the mode of service indicated.

Date: ___July27, 2026_____        Signature _____

| Name and Address of Party Served | Relationship of Party to the Case | Mode of Service |
|---|---|---|
| See Attached List | | ☐ Hand-delivered<br><br>☐ Regular mail<br><br>☐ Certified mail/RR<br><br>☐ Other _____<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
| Ilissa Churgin Hook, Esq.,<br>Chapter 7 Trustee<br>NORGAARD, O'BOYLE & HANNON<br>184 Grand Avenue<br>Englewood, NJ 07631 | | ☐ Hand-delivered<br><br>☐ Regular mail<br><br>☐ Certified mail/RR<br><br>X Other __ECF_____<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
| Milica A. Fatovich Esq.,<br>NORGAARD, O'BOYLE & HANNON<br>184 Grand Avenue<br>Englewood, NJ 07631 | | ☐ Hand-delivered<br><br>☐ Regular mail<br><br>☐ Certified mail/RR<br><br>X Other __ECF_____<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
| Kenneth J. Borger, Esq.<br>Nathalie Rodriguez, Esq.<br>Robertson, Anschutz, Schneid, Crane & Partners, PLLC<br>130 Clinton Road,<br>Lobby B, Suite 202<br>Fairfield, NJ 07004 | | ☐ Hand-delivered<br><br>☐ Regular mail<br><br>☐ Certified mail/RR<br><br>X Other _RCF_____<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
| D. Ross, Esq.<br>Bernstein-Burkley, P.C.<br>601 Grant Street,<br>9th Floor<br>Pittsburgh, PA 15219 | | ☐ Hand-delivered<br><br>☐ Regular mail<br><br>☐ Certified mail/RR<br><br>X Other ____ECF_____<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |

**VIA ECF:**

Ilissa Churgin Hook, Esq.,
Chapter 7 Trustee
NORGAARD, O'BOYLE & HANNON
184 Grand Avenue
Englewood, NJ 07631

Milica A. Fatovich Esq.,
NORGAARD, O'BOYLE & HANNON
184 Grand Avenue
Englewood, NJ 07631

Office of the United States Trustee
One Newark Center,
Suite 2100
Newark, NJ 07102

Kenneth J. Borger, Esq.
Nathalie Rodriguez, Esq.
Robertson, Anschutz, Schneid, Crane & Partners, PLLC
130 Clinton Road,
Lobby B, Suite 202
Fairfield, NJ 07004

D. Ross, Esq.
Bernstein-Burkley, P.C.
601 Grant Street,
9th Floor
Pittsburgh, PA 15219

AFICS on Behalf of Homesite Insurance Company
Attn.: Joseph Zaleski, CPCU, AIC
Lead Adjuster - Large Loss Claims Department
6000 American Parkway
Madison, WI 53783-0001

**VIA E-MAIL:**

Roger L. Fidler
Law Offices of Roger L. Fidler
1522 Gardner Drive,
Lutz, Florida 33559-3305
Rfidler0099@aol.com